## COFFEE v. CASTLEBERRY et al.*
(No. 2186.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 6, 1924. Rehearing Denied Feb. 27, 1924.)

**1. Municipal corporations ⬅️105 — Enacting clause of ordinance in substantial compliance with statute sufficient.**

Where the language in the enacting clause of an ordinance is in substantial compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 818, the ordinance will be upheld.

**2. Municipal corporations ⬅️105—Ordinance without enacting clause void.**

Resolutions and ordinances of a city are void under Vernon's Sayles' Ann. Civ. St. 1914, art. 818, where there are no enacting clauses; the statute being mandatory.

**3. Municipal corporations ⬅️969(1) — Ordinance without enacting clause cannot authorize levy of taxes.**

Ordinances and resolutions of a city which have no enacting clauses as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 818, cannot operate to authorize the levy and assessment of taxes or to give any authority to ascertain any amount due by any person as taxes or to in any way fix a lien upon property for taxes, in view of article 923.

**4. Constitutional law ⬅️190—Tax for certain year, attempted to be levied by void ordinance, could not be validated by ordinance passed in subsequent year.**

Ordinances and resolutions, authorizing levy and assessment of taxes in one year, which were void because not having enacting clauses required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 818, 923, could not be validated by an ordinance passed the following year so as to make legally binding the same tax they ineffectually attempted to levy, in view of Const. art. 1, § 16, providing that no bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made.

Appeal from District Court, Ochiltree County; W. R. Ewing, Judge.

Suit by C. Coffee against S. W. Castleberry and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 16, 1924.

Coffee & Holmes, of Miami, N. Coffee, of Wheeler, and J. W. Payne, of Perryton, for appellant.

R. T. Correll, of Perryton, and Barrett & Works, of Amarillo, for appellees.

RANDOLPH, J. This suit was brought by appellant in the district court of Ochiltree county, to restrain the collection of taxes for the year 1921 upon certain town lots owned by him in the city of Perryton, Tex., and against the city of Perryton and its officers. Upon trial before a jury and upon the answer of the jury to one special issue, the trial court rendered judgment against appellant and in favor of defendants.

The controlling questions presented upon this appeal concern the validity of certain ordinances (or resolutions) passed by the city council of Perryton, and on the attempt to enforce the collection of taxes under and by virtue of the alleged ordinances.

The ordinances, or resolutions, in question will be presented numerically and so denominated, in point of time of passage, and they are as follows:

"(1) Minutes of Board of Aldermen, December 15, 1920.

"Meeting was called to order by C. E. Forbes, mayor. All members present. Ordinance No. 22 was approved and passed as follows:

"Ordinance No. 22.

"An ordinance fixing the tax levy for the city of Perryton, Texas, and apportioning money so levied to the several funds, and fixing the penalty for the nonpayment of the same.

"Section 1. There is hereby levied upon all taxable property subject to taxation within the corporate limits of the city of Perryton, Texas, for the purpose of raising revenues to meet and pay current expenses of said city for the fiscal year ending January 1st of each year, the following sum, to wit:

"An ad valorem tax of twenty-five cents on the one hundred ($100.00) dollar valuation of taxable property for the maintenance of streets, sewers and other permanent improvements within the limits of said city.

"The sum of twenty-five cents on the one hundred ($100.00) dollar valuation of taxable property for the improvement fund within the limits of said city.

"The sum of fifteen cents on the one hundred ($100.00) dollar valuation of taxable property for the improvement of roads or streets within said city.

"Sec. 2. There is hereby levied on all male persons within the city of Perryton twenty-one years old or over, and under sixty years of age, a poll tax of one dollar.

"Sec. 3. All taxes levied by the city council on taxable property within the city limits of the city of Perryton is due on or before the first day of January of each year and if it is not paid by the 31st day of January there shall be a penalty added of ten per cent. in addition to the above said taxes, and in addition all costs of collection shall be added as provided for by the statutes.

"Sec. 4. Whereas the above ordinance is necessary for the immediate welfare of the city it shall take effect and be in full force from and after its passage and approval.

"Passed and approved December 15, 1920.
                "C. E. Forbes, Mayor."

"(2) Minutes of regular meeting of board of aldermen of city of Perryton, Texas, June 28, 1921.

"Meeting was called to order by Mayor C. E. Forbes. Members present were: Chas. W. Calloway, Fred W. Hood, James D. Hyman, J. L. Dodson, J. H. Neufeld, aldermen, and C. E. Forbes, mayor.

"The following business was transacted:

"(1) It was moved and seconded that one ($1.00) dollar be levied as a general fund tax and ten cents be levied as a sinking fund for interest and sinking fund for street improvements tax. Motion carried.

"There being no further business meeting adjourned.                C. E. Forbes, Mayor."

"(3) Minutes of regular meeting of board of city aldermen of the city of Perryton, Ochiltree county, Texas, March 14, 1922.

"Meeting was called to order by Mayor C. E. Forbes. Members present were J. D. Wyman, J. H. Neufeld, F. W. Hood, J. L. Dodson, and C. W. Calloway, aldermen, and C. E. Forbes, mayor.

"The following business was transacted:

"It was moved by Alderman J. H. Neufeld and seconded by Alderman Fred W. Hood, that the following ordinances, providing for the levy of taxes for general purposes for the year of 1921, for and within the city of Perryton, be passed. Motion carried—all voting 'Aye' and none voting 'No.'

"Ordinance No. 46.

"Providing for the levy of taxes for the year 1921, for and within the city of Perryton, Texas, for general purposes.

"Be it ordained by the city council of the city of Perryton:

"Sec. 1. That there shall be and hereby is levied upon all taxable property subject to taxation within the corporate limits of the incorporated city of Perryton, Texas, as the same existed on the first day of January, 1921, a tax of and at the rate of one ($1.00) dollar on the one hundred ($100.00) dollars valuation of taxable property in said city, for the purpose of raising revenue for general purposes for the year 1921, as provided by section 1, c. 9, of the laws of the regular session of the Thirty-Seventh Legislature of the state of Texas.

"Section 2. This ordinance shall take effect and be in force and effect from and after its passage.                C. E. Forbes, Mayor."

Appellant attacks ordinances or resolutions numbered 1 and 2, because they have no enacting clause, as required by law, and are therefore void.

[1] Article 818, Vernon's Civil Statutes of Texas, provides:

"The style of all ordinances shall be, 'Be it ordained by the City Council of the city of ——' (inserting the name of the city); but it may be omitted when published in the form of a book or pamphlet."

Appellees cite the cases of City of Brownsville v. Fernandez (Tex. Civ. App.) 202 S. W.

112, and Ex Parte Keeling, 54 Tex. Cr. R. 118, 121 S. W. 605, 130 Am. St. Rep. 884, to sustain their contention that in the passage of such ordinances it is not necessary to follow the exact language of the statute. We concede the correctness of their proposition when same is applied to a proper case. Where the language used in the enacting clause is in substantial compliance with the statute, the ordinance will be upheld. In the Fernandez Case the ordinance began with the words, "Be it ordained by the city of Brownsville," and the contention was that it should have recited, "Be it ordained by the council of the city of Brownsville." In the Keeling Case the recital was, "Be it ordained by the city council of the city of Calvert," etc., when the contention was that it should have been enacted under the name of the "mayor, aldermen and inhabitants of the city of Calvert."

There can be no reasonable contention that the statute had not been substantially complied with in those two cases.

[2] In the case at bar there was no attempt at an enacting clause; hence the cases quoted from sustain appellant's contention by inference that the statute requiring the enacting clause was not complied with as to the two resolutions or ordinances numbered 1 and 2, and hence they could not be held to operate as ordinances.

In the case of the City of San Antonio v. Micklejohn, 89 Tex. 81, 33 S. W. 735, in which case the city council of San Antonio had created by ordinance the office of superintendent of public works, and Micklejohn having been appointed superintendent, afterward, the city council passed the following resolution:

"Be it resolved, that the office of superintendent of public works be and the same is hereby abolished to date from July 31, 1894."

Chief Justice Gaines, in discussing the effect of the resolution to abolish the office said in part:

"There is a well-founded distinction between an ordinance and a resolution, and yet we see no good reason to doubt that, in the absence of any directions in the charter of a city, its council might enact a valid law in the form of a resolution. First Municipality v. Cutting, 4 La. Ann. 335. The essence of a law is the solemn expression of the will of the lawmaking power upon its subject-matter; and it would seem that the expression of a command, though in the form of a resolution, should be deemed valid as an ordinance, even where the charter requires the council to legislate by ordinance, provided it be passed in conformity to the other requirements of the act of incorporation.

"The resolution in question clearly manifests the intent of the council to abolish the office by the resolution itself; but the difficulty which presents itself is that their will is not expressed in the mode required by the charter in order to make a valid law. The fact that section 220 of the charter provides that 'the style' of an ordinance shall be in a certain form, and also provides in the same section that this may be omitted in a publication of the ordinances in a book or pamphlet, indicates to our minds that it was the intention to make the provision as to the form mandatory. It is couched in the usual language of command, and such language as a general rule should be construed, not simply as authorizing the performance of the act in the manner prescribed, but also as prohibiting its performance in another mode."

And he reaches the conclusion that the resolution cannot be termed an ordinance or take effect as such.

We therefore hold that article 818, quoted above, is mandatory, and that the ordinances or resolutions numbered 1 and 2, lacking enacting clauses, are not ordinances of the city of Perryton, such as required by law.

[3] These resolutions, 1 and 2, cannot operate to authorize the levy and assessment of taxes or to give any authority to ascertain any amount due by any person as taxes or to in any way fix a lien upon property for such taxes for the year 1921.

The method of levying taxes is provided in article 923, Vernon's Civil Statutes. This article is in words as follows:

"The city council shall have power within the city, by ordinance, to annually levy and collect taxes, not exceeding one-fourth of one per cent. on the assessed value of all real and personal estate and property in the city not exempt from taxation by the Constitution and laws of the state."

It was clearly the intention of the Legislature that all taxes levied should be levied by ordinance passed with the same degree of formality and solemnity as is required in the enactment of all laws, and that it was not intended that such levies could be made by a simple resolution.

In the case of People's National Bank v. City of Ennis, 50 S. W. 632, the Court of Civil Appeals at Dallas holds:

"A municipal corporation possesses no inherent power to levy taxes. Cooley, Tax'n, 678. It only possesses such power as is expressly conferred upon it by the Legislature. Not only must the state confer the authority, but when the state has so conferred the authority, and stated the manner of its performance, such power can only be performed substantially in the manner and mode pointed out. Wood v. City of Galveston, 76 Tex. 132, 13 S. W. 227. The city of Ennis is incorporated under the general laws providing for the incorporation of cities and towns of 1,000 inhabitants and over. Rev. St. 1895, tit. 18. By article 484 of the Revised Statutes it is provided: 'The city council shall have power within the city, by ordinance, to annually levy and collect taxes, not exceeding one-fourth of one per cent. on the assessed value of all real and personal estate and property in the city not exempt from taxation by the Constitution and laws of the state.' The above article confers power upon a city incorporated under the general laws to

levy a tax by ordinance. The Legislature, in granting the power, has also stipulated the manner of its performance. The tax must be levied by an ordinance passed by the city council. The only levy of ad valorem taxes shown by the record for the year 1896 is the adoption of a report of the finance committee of the city in which said committee recommended the amount of tax to be levied, and how it should be apportioned. This levy is not in accordance with the mode pointed out in the power conferring authority upon the city to levy the tax. The levy is void, and creates no personal liability against the taxpayer."

We see no reason why the requirements of the statute should be held to be merely directory. On the other hand, the transaction of the public business requires that all laws be obeyed, and especially is this true when the property of the citizen is to be taken to meet such charges as public officials find it necessary to place on them or their property. City of Waco v. Prather (Tex. Civ. App.) 35 S. W. 963.

[4] It is contended by the appellees that by the passage of Ordinance No. 3, above set out, that the city council could make legally binding the same tax that they ineffectually attempted to levy by motion (No. 2) of June 28, 1921. In other words, the resolutions called Nos. 1 and 2, having been ineffectual for the purposes for which they were passed, that the passage of Ordinance No. 3, in March, 1922, after the expiration of the year 1921, could be made to relate back and cover the year 1921, and give life and vitality and validity to such resolutions 1 and 2.

We cannot agree to this. There being no validity in the two prior resolutions, no liability was created against the appellant or his property by this retroactive ordinance. The resolutions Nos. 1 and 2 had no such status, as would create any liability whatever. Therefore, the passage of the Ordinance No. 3, attempting to levy and assess a tax for the expired year, was void and of no force and effect after the year 1921.

Section 16, art. 1, of the Constitution of the state of Texas, provides that:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

In discussing the scope and intent of this section, Judge Stayton, in the case of Mellinger v. City of Houston, 68 Tex. 44, 3 S. W. 252, says:

"It cannot be presumed that in adopting a Constitution which contained a declaration 'that no retroactive law shall be made,' that it was intended to protect thereby only such rights as were protected by other declarations of the Constitution which forbade the making of ex post facto laws, laws impairing the obligation of contracts, or laws which would deprive a citizen of life, liberty, property, privileges, or immunities, otherwise than by due course of the law of the land.

"The character of laws which, within the meaning of the Constitution, would operate as ex post facto laws, and laws impairing the obligations of contracts, were well understood, not only from the language descriptive of them used in the Constitution, but from adjudications made by the highest courts in the land, prior to the time the Constitution was adopted; and there can be no doubt that by the clause in the Constitution which forbids the making of retroactive laws it was intended to give protection to every citizen against the arbitrary exercise of some power not forbidden by the other clauses of the Constitution referred to, which might be lawfully exercised but for this prohibition."

The levy by the Ordinance No. 3, being for the year 1921, which had fully expired, was an attempt to retroactively declare a liability in conflict with section 16, art. 1, of the state Constitution, and as to such expired time is void. State v. G., H. & S. A. Ry. Co., 100 Tex. 175, 97 S. W. 71.

Our holding upon the above questions renders it unnecessary for us to pass upon other assignments. For the reasons stated, we think the trial court erred in rendering judgment against appellant, and we therefore reverse the judgment of that court and here render judgment in favor of appellant, perpetuating the temporary injunction in this cause.