### MASTERSON v. TOWN OF HEDLEY.
#### (No. 2352.)

(Court of Civil Appeals of Texas. Amarillo. June 25, 1924. Rehearing Dismissed Oct. 29, 1924.)

**1. Appeal and error 767(1) — Appellant's brief not stricken because filed on submission day.**

Parties having stipulated that both should have until submission day to file briefs, and appellee having filed reply brief, after receiving copy of appellant's brief several days before submission, appellant's brief will not be stricken because filed on submission day.

**2. Municipal corporations 968(2) — Levy may be made at any time during year.**

Levy of taxes by town may be made at any time during year, laws naming time for levy being merely directory, but levy of taxes for previous year would be void.

**3. Municipal corporations 85 — Resolution set aside only when charter requires ordinance.**

Vote of municipal council will be set aside on ground it was resolution, instead of ordinance, only when municipal charter requires ordinance and certain formalities in enactment thereof.

**4. Municipal corporations 969(1)—Villages must levy taxes by ordinance.**

Under Vernon's Ann. Civ. St. Supp. 1922, art. 925, putting in operation amendment to Const. art. 11, § 4 (Acts 36th Leg. [1919] p. 346), villages incorporated under Vernon's Sayles' Ann. Civ. St. 1914, tit. 22, c. 14, must levy taxes by ordinance, not resolution, though article 1050 does not specifically so provide.

**5. Municipal corporations 958—Legislature he'd authorized to require village taxes be levied by ordinance.**

It was within Legislature's power, by enactment of Vernon's Ann. Civ. St. Supp. 1922, art. 925, putting in operation amendment of Const. art. 11, § 4 (Acts 36th Leg. [1919] p. 346), to require that all village taxes be levied by ordinance, though such provision is not found in amendment.

**6. Municipal corporations 969(1)—Act limiting defenses to suit for collection of taxes inapplicable to suit to collect taxes not legally levied.**

Article 7689a, Rev. St., added by Acts 38th Leg. 1st, 2d, and 3d Called Sess. (1923) p. 36, limiting defenses to suit for collection of delinquent taxes, is inapplicable to village's suit for taxes illegally levied by resolution, instead of ordinance.

On Motion for Rehearing.

**7. Appeal and error 832(6)—Motion for rehearing dismissed on affidavit that movants' successors in office desired no further action.**

Parties elected mayor and aldermen of town, having stated to appellate court, by affidavit, their desire that no further action be taken in litigation begun by their predecessors, their motion for rehearing will be dismissed.

Appeal from District Court, Donley County; R. L. Templeton, Judge.

Suit by Town of Hedley against J. B. Masterson. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

J. H. Wood, of Seymour, for appellant.

HALL, C. J. The appellee, the town of Hedley, instituted this suit to collect city taxes from the appellant, alleged to be due

for the year 1922, upon property which the latter owned within the corporate limits of said town. It is alleged that the taxes sought to be recovered were levied on the 4th day of December, 1922, by the city council of the town of Hedley, at the rate of 50 cents upon the $100 valuation of appellant's property. The case was tried to the court without a jury, resulting in a judgment for the amount of the taxes sued for and a foreclosure of the tax lien upon appellant's property. The substance of the material findings filed by the court is as follows: (1) The town of Hedley is incorporated under the provisions of chapter 14, tit. 22, of the Revised Statutes of Texas, having been organized in the year 1916. (2) The defendant, Masterson, resides within the corporate limits of the town, and prior to the year 1922 owned certain real estate within the city limits. (3) Masterson rendered his lots for taxes at the total valuation of $1,600. (4) That he owned a stock of merchandise situated within the corporate limits rendered for taxes for the year 1922, at a valuation of $8,000. (5) He rendered other personal property for the same year at a valuation of $200. (6) That all of said property was duly and legally assessed for taxes. (7) That, after the rendition of said property and its assessment, the town of Hedley caused proper tax rolls to be prepared, showing the above property assessed for taxes against Masterson. (8) On the 4th of December, 1922, at a regular meeting of the city council, upon motion by one of its aldermen, duly seconded by another, said council unanimously voted, and thereby assessed and levied, the tax rate for the year 1922, upon all taxable property in said town the sum of 50 cents on the $100 valuation. (9) That thereafter, in the month of January, 1923, demand was made of the defendant for the payment of his 1922 taxes. (10) Defendant failed and refused to pay his taxes, and still fails and refuses to do so. (11) That after the 1st of January, 1923, the city marshal, tax assessor, and tax collector, properly made up and certified a roll showing all property in said city then delinquent. (12) Masterson's property above described properly appeared upon said delinquent tax roll. (13) Proper notice of such delinquency was given Masterson by the city in April or May, 1923. The court further found that the delinquent list was properly certified to and published in a newspaper of general circulation for a period of four consecutive weeks, as required by law.

[1] The appellee has moved this court to strike out the appellant's brief filed on the day the case was submitted. We find in the files a stipulation, signed by counsel for both parties, that both appellant and appellee should have until submission day in which to file briefs. In view of the fact that appellee has filed a reply brief, having received a copy of appellant's brief several days prior to submission day, we will not, under this stipulation, strike appellant's brief. Hall v. Johnson et al. (Tex. Civ. App.) 225 S. W. 1110.

It is insisted under the first assignment that a levy must be made by ordinance or by a substitute therefor, in the form of a resolution or otherwise, by the properly constituted authorities, before taxes can be collected, and it is insisted that because the levy was not made until the 4th day of December, 1922, it will not support the town's action for the collection of the taxes.

[2] With reference to the contention that the levy was void because it was not made until December 4, 1922, suffice it to say, that the holding in Cadena et al. v. State ex rel. Leslie (Tex. Civ. App.) 185 S. W. 367, is to the contrary. It is there held that a levy may be made at any time during the year, and that laws naming the time for the levy of taxes are merely directory. 3 Cooley's Taxation (4th Ed.) § 1033; Walton v. Riley, 85 Ky. 413, 3 S. W. 605. If, however, an attempt was made to levy taxes for a previous year, such a levy would be void. Coffee v. Castleberry (Tex. Civ. App.) 258 S. W. 889.

[3] The general rule is that, when a municipal council is given the power to legislate in regard to a particular subject-matter, and the statute is silent as to the mode in which the power shall be exercised, an enactment by the municipal council is valid, whether it is in the form of an ordinance or resolution, even if the enactment is of a general and permanent nature. It is only when the municipal charter provides that certain subjects shall be governed only by ordinance, and that certain formalities shall be requisite to the enactment of an ordinance, that it is competent for the courts to set aside the vote of a municipal council, upon the ground that it was a resolution when it should have been an ordinance." 19 R. C. L. p. 895, § 194.

[4] It is contended that, because article 1050 of Vernon's Sayles' Civ. St. c. 14, tit. 22, does not specifically provide that the board of aldermen of towns and villages shall levy taxes by ordinance, a levy may be made by resolution. Whatever construction should have been placed upon that article prior to the enactment of Vernon's Sayles' Ann. Civ. St. Supp. 1922, art. 925, we think it is no longer an open question that not only cities and towns, but villages, must levy taxes by an ordinance. That article was enacted to put into operation an amendment to article 11, § 4, of the state Constitution, and (Acts 36th Leg. 1919, p. 346) reading as follows:

"Cities and towns having a population of five thousand or less may be chartered alone by general law. They may levy, assess and collect such taxes as may be authorized by law, but no tax for any purpose shall ever be law-

ful for any one year which shall exceed one and one-half per cent. of the taxable property of such city; and all taxes shall be collectible only in current money, and all licenses and occupation taxes levied, and all fines, forfeitures and penalties accruing to said cities and towns shall be collectible only, in current money."

Amended article 925, passed in pursuance to the adoption of this amendment to the Constitution, provides:

"The city council or governing body of any city or town in this state having a population of five thousand or less shall have power by ordinance to levy, assess and collect an annual ad valorem tax sufficient to meet the interest and sinking fund on all indebtedness legally incurred prior to the adoption of the constitutional amendment of September 25, 1883, regarding the power of cities and towns to levy and collect taxes, etc., and may also levy, assess and collect such taxes as such city council or governing body may determine, not to exceed for any one year one and one-half per cent. of the taxable property of such city or town, for current expenses and for the purpose of construction or the purchase of public buildings, waterworks, sewers, and other permanent improvements, within the limits of such city or town, and for the construction and improvement of the roads, bridges and streets of such city or town within its limits."

The effect of this article has been construed to enlarge the powers of cities and towns in the matter of the rate of taxation authorizing a total levy, if necessary, of 1½ per cent. Bridgers v. City of Lampasas (Tex. Civ. App.) 249 S. W. 1083. It has further been construed to mean that taxes must be levied by ordinance or order, even when such levy is made by the trustees of a school district. Gerhardt v. Yorktown Independent School District (Tex. Civ. App.) 252 S. W. 197. By its terms, the article is made applicable to any town having a population of 5,000 or less, which will include in its terms villages incorporated under chapter 14, tit. 22.

[5] The provision requiring that taxes shall be levied by ordinance is not found in the amendment of section 4 of article 11 of the Constitution, quoted above, but it was within the power of the Legislature, by the enactment of article 925, putting said section of the Constitution into operation, to provide that all taxes shall be levied by an ordinance. While the direct question here being considered was not involved in the case of Coffee v. Castleberry, supra, this court held in effect that in towns having less than 5,000 population taxes must be levied by ordinance, as provided by V. S. C. S. arts. 1818 and 923. Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15; People's National Bank v. City of Ennis (Tex. Civ. App.) 50 S. W. 632; Vance v. Pleasanton (Tex. Civ. App.) 261 S. W. 457.

[6] Article 7689a, Rev. St., added by Acts 38th Leg. 1st, 2d, and 3d, Called Sess. (1923) p. 36, provides:

"That there shall be no defense to a suit for collection of delinquent taxes, as provided for in this act, except the following, to wit: First: That the defendant was not the owner of the land at the time the suit was filed. Second: That the taxes sued for have been paid, or Third: That the taxes sued for are in excess of the limit allowed by the law, but this defense shall apply only to such excess."

This act is not applicable to this case, for the reason that no taxes have been legally levied, and therefore have not accrued against the appellant's property. Taxes could not become delinquent, within the provisions of that article, until there was a legal levy and assessment, and the owner of the property had failed to pay them within the time required by law. Even if this article could be applied to the instant case, we seriously doubt whether, under the decision of the Supreme Court in Eustis v. City of Henrietta, 90 Tex. 468, 39 S. W. 567, it would be constitutional. We do not, however, rest the decision upon that holding. Vance v. Pleasanton, supra.

For the reasons above stated, the judgment is reversed, and here rendered for the appellant.

Reversed and rendered.

## On Motion for Rehearing.

[7] Appellant has moved the court to require appellee's attorneys to show by what authority they further prosecute this suit. After the judgment was rendered in this court, disposing of the appeal on original hearing, appellee's counsel, in due time and in the faithful performance of their duty, filed a motion for rehearing. Since that time, at an election held for that purpose, different parties have been elected as mayor and aldermen of the town of Hedley, who have made known to this court the fact that they do not care to further continue the litigation, and have by their affidavit stated that they desire that no further action be taken in this court, with reference to the matters in dispute.

The motion for rehearing will therefore not be considered, and it is ordered that said motion be dismissed, and judgment will be entered accordingly.