## CASTLEBERRY et al. v. COFFEE.
### (No. 664–4175.)

(Commission of Appeals of Texas, Section A. May 20, 1925.)

**1. Municipal corporations �găƆ969(1)—Tax ordinance without enacting clause invalid.**

Ordinance and resolution having no enacting clause, as required by Rev. St. art. 818, *held* invalid to effect levy of tax.

**2. Constitutional law ⟦Ɔ190—Ordinance purporting to levy tax for preceding year unconstitutional.**

Ordinance and resolution, purporting to levy tax on city property for raising revenue for general purposes for preceding year, *held* violative of Const. art. 1, § 16, prohibiting retroactive laws.

**3. Municipal corporations ⟦Ɔ969(1)—Enacting clause of tax ordinance sufficient.**

Ordinance providing for tax levy on property, containing enacting clause to effect that "it is further ordained by the city council of ———," *held* substantial compliance with Rev. St. art. 818, to validate levy.

Appeal from Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by C. Coffee against S. W. Castleberry and others. Judgment for defendants was reversed and rendered in favor of plaintiff by the Court of Civil Appeals (258 S. W. 889), and defendants appeal. Reformed and affirmed.

R. T. Correll, of Perryton, and Barrett & Works, of Amarillo, for appellants.

---

⟦ƆFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Coffee & Holmes, of Miami, J. W. Payne, of Perryton, and Norman Coffee, of Wheeler, for appellee.

BISHOP, J. The defendant in error, C. Coffee, filed this suit in the district court of Ochiltree county, to enjoin the city of Perryton and its officers from collecting taxes on property owned by him in said city. On presentation of his original petition, the district judge granted a temporary injunction. In his amended petition, upon which the case was tried, he alleged that the city was insisting on a tax of $1.10 on the $100 valuation of his said property for the year 1921, and that said tax was void for the reason that there was no sufficient ordinance levying the same.

On final trial the district court held the taxes valid, dissolved the temporary injunction, and rendered judgment for plaintiffs in error, denying permanent injunction. The Court of Civil Appeals reversed this judgment, and rendered judgment in favor of defendant in error, perpetuating the temporary injunction. 258 S. W. 889.

[1, 2] In the opinion of the Court of Civil Appeals are quoted (a) a purported ordinance of date December 15, 1920, levying ad valorem taxes for the year 1921 and designated "Ordinance No. 22"; (b) a resolution of date June 28, 1921, purporting to levy $1 as a general fund tax and 10 cents for interest and sinking fund for street improvements for said year; and (c) Ordinance No. 46, of date March 14, 1922, purporting to levy a tax at the rate of $1 on the $100 valuation of taxable property in said city, for the purpose of raising revenue for general purposes for the year 1921. The court holds that Ordinance No. 22 and the resolution are ineffective as a tax levy, for the reason that they do not comply with the requirements of law providing that taxes shall be levied by city ordinance only, and that "the style of all ordinances shall be, 'Be it ordained by the city council of the city of ———.'" It also holds that Ordinance No. 46 is void for the reason that it is in violation of article 1, § 16, of the Constitution of Texas, prohibiting retroactive laws, in that this ordinance is an attempt by the city council of the city of Perryton, after the expiration of the year 1921, to levy taxes for that year.

[3] We agree with the holding of the Court of Civil Appeals on each of these questions. However, there is also in evidence in this case Ordinance No. 39 of date July 26, 1921, which is neither quoted nor mentioned in the opinion of the Court of Civil Appeals, and which is as follows:

"An ordinance by the city council of the city of Perryton, Texas, authorizing issuance of bonds for the principal sum of $7,000, for the purpose of constructing and improvement of the roads, bridges and streets in the city of Perryton, Texas, and providing for the levy, assessment and collection of a tax of ten (c) cents on the hundred dollars valuation of all taxable property within the limits of said city to pay the interest and create a sinking fund for the redemption thereof, and prescribing form of bond (and declaring an emergency).

"Sec. 11. It is further ordained by the city council of the city of Perryton, Texas, that to pay the interest on said bonds and create a sinking fund sufficient to discharge them at maturity, a tax of ten cents on each $100 valuation of all taxable property in said city of Perryton, Texas, shall be annually levied on said property, and annually assessed and collected until said bonds and interest thereon are paid and said tax is here now levied for the current year 1921, and for each succeeding year, while said bonds are outstanding, and the same shall be assessed and collected for the current year 1921 and for each succeeding year while said bonds are outstanding, and the same shall be assessed and collected for the current year and annually thereafter, and applied to the purpose named."

We think the language in the section of the ordinance levying this tax, that "it is further ordained by the city council of the city of Perryton, Texas," is a substantial compliance with the requirement of article 818, Revised Civil Statutes, that "the style of all ordinances shall be, 'Be it ordained by the city council of the city of ———,'" and that, under the holding of the Court of Civil Appeals in this case, Ordinance No. 39 constitutes a legal levy by the city of a tax of 10 cents on the $100 valuation of property for the year 1921, for the purpose of paying the interest on the bonds issued and creating a sinking fund sufficient to pay them at maturity.

It follows that the judgment of the Court of Civil Appeals perpetuating the temporary injunction should be so modified as to enjoin the collection of all taxes except to the extent of 10 cents on the $100 valuation of property of the defendant in error in said city, as levied by Ordinance No. 39, and, as to said 10 cents on the $100 valuation, the temporary injunction be dissolved, and we so recommend.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.

CURETON, C. J., not sitting.