* Writ of error granted.
This is a suit by appellant against appellee to recover taxes for the years 1927, 1928, 1929, 1930, and to foreclose the statutory lien.
The defendant answered by general denial, special plea setting up that no ordinances had ever been passed levying such taxes and other matters not necessary to state.
Upon trial without a jury, judgment was rendered in appellant's favor for all taxes *Page 867 
claimed for the year 1927 and a portion of the taxes claimed for the years 1928 and 1929, and denied recovery of any taxes for the year 1930.
The recovery for the year 1928 was limited to 30 cents on the $100 valuation levied for street improvement bonds, series 1928, and for the year 1929 recovery was limited to eighteen cents on the $100 valuation levied for funding warrants series 1929.
On July 28, 1927, the town of Odessa accepted the provisions of title 28, R.S. 1925. The record of the proceedings shows that the town was of the class designated in article 961, R.S.
The testimony shows it has a population of less than 5,000.
The tax levy for the year 1930 was attempted to be made by the city council by a simple motion unanimously adopted "that the tax for the City for 1930 be $1.50 on the one hundred dollars valuation and that it be divided: 95 cents to Water and Sewer Bonds; 30 cents to Paving Bonds; 18 cents to Funding Warrants and 7 cents to the General Fund."
It is settled that the motion was ineffective for the purpose intended; an ordinance being necessary. Article 1026, R.S. Vance v. Town of Pleasanton (Tex.Civ.App.) 261 S.W. 457; Id. (Tex.Com.App.) 277 S.W. 89; Coffee v. Castleberry (Tex.Civ. App) 258 S.W. 889; Id. (Tex.Com.App.)272 S.W. 767; City of Liberty v. Llewellyn (Tex.Civ.App.) 15 S.W.2d 713.
The levies for the years 1928 and 1929 were attempted to be made in like manner. So, if the court properly denied recovery of all taxes for the year 1930, it follows the recoveries for the years 1928 and 1929 were properly limited.
The reason for the partial recoveries allowed for 1928 and 1929 will later appear.
On August 4, 1927, the city council duly passed an ordinance entitled: "An ordinance ratifying and confirming a contract entered into by and between the City of Odessa, Texas, and Perry O'Neil, for the purpose of furnishing all materials and labor in the construction of a Waterworks System, Sewer System and Disposal Plant, in and for said City; providing for the issuance of six per cent (6%) Warrants in the total principal sum of one hundred and sixty-five thousand dollars ($165,000.00), in payment for said work; prescribing form of warrant; and levying the necessary tax to pay the interest and provide sufficient sinking fund to redeem the principal of said warrants at maturity," providing, among other things, as follows:
"Be it further ordained by the city council of the city of Odessa, Texas:
"That in order to pay the interest on said warrants and the principal thereof at maturity, there shall be, and there is hereby levied, and ordered collected, in the City of Odessa, Texas, an annual ad valorem tax on all taxable property in said City sufficient to pay the same, and particularly to produce as a minimum the following amounts in the following years:
Year of Levy Year Due Interest Principal Total Amount 1927 1928 $9,900.00 $3,000.00 $12,900.00"
(Here follows like tabulations for the succeeding years to and including 1944.)
"No mistake in the above calculations shall in any manner operate to diminish the payment of the amounts to become due on said warrants, but a sufficient tax is hereby levied and ordered collected for each of said years on all taxable property in the said City to fully pay the same.
"Be it further ordained by the city council of the city of Odessa, Texas:
"That in order to make provision for the assessment and collection annually of a sufficient sum to create a sinking fund of at least two per cent of the principal of said indebtedness, as required by the Constitution and statutes, of this State; there is hereby levied upon all the taxable property in said City for each year while said warrants, or any of them, are outstanding, in addition to the levy hereinabove provided for where necessary and otherwise in reaffirmation thereof, a sum sufficient to create said sinking fund and the proper assessing and collecting officers of said City annually shall compute and declare the sum of money so required to be levied and collected and fix the rate of tax necessary for that purpose, and it shall be their duty to assess, levy and collect the same as other city taxes."
On December 8, 1927, the city council duly passed an ordinance entitled: "An ordinance by the City Council of the City of Odessa, Texas, authorizing the issuance of bonds for the principal sum of one hundred and fifty-seven thousand dollars ($157,000.00), bearing interest at the rate of six per cent (6%) per annum, for the purpose of funding, cancelling and in lieu of a like amount of the legally issued and outstanding interest-bearing warrants of said City; prescribing the form of bond and interest coupon; and providing for the levy, assessment and collection of a tax on the $100.00 valuation of all taxable property within the limits of said City sufficient to pay the interest and create a sinking fund for the redemption of such bonds at maturity," providing, among other things, as follows:
"Be it further ordained by the city council of the city of Odessa, Texas:
"That in order to pay the interest of said funding bonds and the principal thereof at maturity, there shall be, and there is hereby *Page 868 
levied, and ordered collected, in the City of Odessa, Texas, an annual ad valorem tax on all taxable property in said City sufficient to pay the same, and particularly to produce as a minimum the following amounts in the following years: Year of Total
Year of Levy Year Due Interest Principal Total Amount 1927 Nov. 1, 1928 $9,420.00 $9,420.00 1928 May 1, 1929 4,710.00 $3,000.00 Nov. 1, 1929 4,620.00 12,330.00"
(Then follows like tabulations for the years to and including 1966.)
"No mistake in the above calculations shall in any manner operate to diminish the payment of the amounts of principal and interest to become due on said funding bonds, but a sufficient tax is hereby levied and ordered collected for each of said years on all taxable property in said City to fully pay the same; and the tax levied for the year 1927 by this Council by ordinance adopted August 4, 1927, providing for interest and sinking fund on the warrants in lieu of which this series of bonds is issued, is hereby appropriated for the purpose of paying interest and principal on said funding bonds, and such tax shall be collected and so applied.
 "XII.
"Be it further ordained by the city council of the city of Odessa, Texas:
"That in order to make provision for the assessment and collection annually of a sufficient sum to create a sinking fund of at least two per cent of the principal of said indebtedness, as required by the Constitution and statutes, of this State, there is hereby levied upon all the taxable property in said City for each year while said bonds, or any of them are outstanding, in addition to the levy hereinabove provided for where necessary and otherwise in reaffirmation thereof, a sum sufficient to create said sinking fund and the proper assessing and collecting officers of said City annually shall compute and declare the sum of money so required to be levied and collected and fix the rate of tax necessary for that purpose, and it shall be their duty to assess, levy and collect the same as other city taxes."
On October 1, 1928, an ordinance was duly passed entitled: "An ordinance by the City Council of the City of Odessa, Texas, authorizing the issuance of bonds for the principal sum of fifty-five thousand dollars ($55,000.00), for the purpose of the construction of street improvements; providing for the levy, assessment and collection of a tax on the one hundred dollars' valuation of all taxable property within the limits of said City sufficient to pay the interest and create a sinking fund for the redemption thereof; and prescribing the form of bond and interest coupon," providing, among other things, as follows:
"Be it further ordained by the city council of the city of Odessa, Texas:
"That to pay the interest on said bonds and create a sinking fund sufficient to redeem them at maturity, a tax of Thirty cents (30cts.) on each one hundred dollars' valuation of all taxable property in the City of Odessa, Texas, or such an amount as may at all times be legally necessary, shall be annually levied on said property and annually assessed and collected, or so much thereof as shall be necessary, or in addition thereto as may be required, until said bonds with interest thereon have been fully paid; and the said tax of Thirty cents (30cts.) is here now levied for the current year, and so much thereof as shall be necessary, or in addition thereto as may be required, is hereby levied for each succeeding year while said bonds, or any of them, are outstanding, and the same shall be annually assessed and collected, and applied to the purpose named."
On February 26, 1929, an ordinance was duly passed entitled: "An ordinance authorizing the issuance of Funding Warrants of the City of Odessa, Texas, in the amount of $29,321.84, bearing 6% interest per annum, for the purpose of funding and postponing the dates of maturity of outstanding existing indebtedness against said City in the amount of $29,321.84; prescribing form of funding warrants and annexed interest coupons; providing for the levying of a tax sufficient to pay the interest on and provide a sinking fund to retire said funding warrants at maturity; and repealing all ordinances and resolutions in conflict herewith."
Providing, among other things, as follows:
"Be it further ordained by the city council of the city of Odessa, Texas:
"That a Special Fund, to be designated special funding warrant fund, series 1929, is hereby created and set aside out of the Constitutional Tax Fund of said City, which Special Fund shall be used for the payment of the interest on said warrants and the principal thereof at maturity, and for no other purpose; that to create said Special Fund to pay the interest on said warrants and provide the necessary sinking fund to pay the principal thereof at maturity, a tax of and at the rate of Eighteen Cents (18 cts.) on each one hundred dollars' valuation of taxable property in the City of Odessa, Texas, or so much thereof as may be necessary, or in addition thereto as may be required, shall be annually levied, assessed and collected, and said tax of Eighteen Cents (18 cts.) is here now levied for the current year and so much thereof as shall be necessary, or in addition thereto as may be required, is hereby levied for each succeeding year while said warrants, or any of them, are outstanding, and the same shall be annually assessed and collected and applied to the purpose named." *Page 869 
It will be observed the ordinance of October 1, 1928, providing for the issuance of street improvement bonds in the sum of $55,000, levied a tax of 30 cents on each $100 valuation for that current year. The ordinance of February 26, 1929, providing for the special funding warrant fund series 1929, levied an 18-cent tax for the year 1929. These levies were valid and sufficient for those years (Castleberry v. Coffee (Tex.Com.App.) 272 S.W. 767), and it was evidently for this reason the court allowed partial recoveries for the years 1928 and 1929.
The ordinances just mentioned, as well as the one of December 8, 1927, each contain provisions in somewhat different verbiage, but all to the effect that there is levied during the succeeding years of the bonds a tax sufficient to pay interest and provide a sinking fund and imposing upon the city council the duty, in each succeeding year, to fix the rate of tax necessary to raise funds to pay such interest and provide such sinking fund, and to assess, levy, and collect the same.
These provisions were incorporated in the ordinances to comply with the constitutional requirement of sections 5 and 7, art. 11, State Constitution.
By virtue of the terms of the ordinances and the Constitution, it became the imperative duty, ministerial in its nature, of the city council in each succeeding year during the life of the bonds to levy, assess, and collect in the manner prescribed by law a tax sufficient for the purpose indicated, and to compel the performance of this duty the writ of mandamus is available. Mitchell County v. Bank, 91 Tex. 372,43 S.W. 880.
It is contended by appellant that these provisions of the various ordinances are self-executing, and constitute sufficient and valid levies during the years 1928, 1929, and 1930, of the rates stated by the three motions in those years which fix the tax rate at $1.50 on the $100 valuation and apportion 95 cents to water and sewer bonds, 30 cents to paving bonds, and 18 cents to funding warrants.
It may be the ordinances might have fixed a specific tax rate for each succeeding year during the life of the bonds — as to which no opinion is expressed — but the impropriety of so doing is apparent because of the changes in the taxable values of the city which must necessarily occur.
The ordinances did not fix such specific rates for the ensuing years, and, in the absence thereof, they are manifestly not self-executing. A tax cannot be imposed without the amount or rate being fixed. That would be an undetermined tax and in law no tax. Cooley on Taxation, § 1031; 37 Cyc. 964; Rice v. Shealey, 71 S.C. 161, 50 S.E. 868; State v. Lakeside Land Co., 71 Minn. 283, 73 N.W. 970; Emeric v. Alvarado,64 Cal. 529, 2 P. 418; Moore v. Foote, 32 Miss. 469; Perry Co. v. Selma, etc., 58 Ala. 546.
The only rates definitely fixed for the years 1928, 1929, and 1930, except as indicated above, are those evidenced by simple motions instead of by ordinance, and under the authorities heretofore cited this was insufficient.
Appellant further insists it made a prima facie case by the introduction of its current tax rolls, delinquent tax rolls, proof of the amount of the delinquent tax, etc. This proposition is based upon the ruling in Dill v. City of Rising Star (Tex.Com.App.) 269 S.W. 769. As to this it is sufficient to say the prima facie case thus made is rebutted by the testimony of the city secretary affirmatively Showing that the only levies by the city council are those evidenced by the ordinances and motions above noted. Geffert v. Yorktown etc. (Tex.Com.App.) 290 S.W. 1083.
Appellee cross-assigns error to the recovery of taxes for the year 1927, upon the ground that Ordinance No. 22, levying taxes for that year, is not shown by the minutes of the council or otherwise to have been adopted and passed by a majority of the members of the council. The minutes seem to be deficient in the particular indicated, but it was permissible to supply the same by evidence aliunde, which does not vary or contradict the minutes. Mecom v. Ford, 113 Tex. 109, 252 S.W. 491; Yorktown, etc., v. Afflerbach (Tex.Com.App.) 12 S.W.2d 130, 131; Richardson v. Liberty, etc. (Tex.Civ.App.) 22 S.W.2d 475.
It is sufficiently shown by such evidence that the ordinance was duly passed and adopted at a meeting of the city council on October 31, 1927.
 Affirmed. *Page 870