Bruce HANSON, Appellant,

v.

TOWN OF FLOWER MOUND, Appellee.

No. 17745.

Court of Civil Appeals of Texas, Fort Worth.

July 9, 1976.

Sessions, Sessions, Neill, Scucchi & Hatch, and W. R. Sessions, Dallas, for appellant.

Hutchison, Price & Brooks, Dallas, for appellee.

OPINION

BREWSTER, Justice.

Bruce Hanson sued the Town of Flower Mound seeking a judgment declaring void

and unenforceable a tax levy for the year 1974 that was made by Town of Flower Mound on land owned by Hanson that was located on January 1, 1974, within the corporate limits of Flower Mound. Flower Mound cross-acted against Hanson seeking to recover from him delinquent taxes for 1974 on the property involved. The non-jury trial resulted in judgment being rendered decreeing that plaintiff, Hanson, take nothing from the defendant and that Town of Flower Mound recover from Hanson on its cross-action the amount of the delinquent taxes which totalled $29.50. Plaintiff, Hanson, has filed this appeal from that decree.

The parties stipulated that: Town of Flower Mound by appropriate ordinance operated on a fiscal year arrangement and that its material fiscal year involved here is from October 1, 1974 to September 30, 1975; that as of September 22, 1975, Town of Flower Mound has collected $93,000.00 in ad valorem taxes, and that its total tax roll for 1974 was $108,000.00; that Town of Flower Mound enacted on November 23, 1974, its Ordinance No. 11–74 which levied ad valorem taxes for the year 1974 at a rate of 30¢ per $100 assessed valuation on all taxable property located within the corporate limits of the town as of January 1, 1974, in order to provide revenues for the payment of current expenses.

Hanson on this appeal urges two points of error wherein he contends (1) that the court erred in rendering the judgment against him because the law in question (Ordinance No. 11–74) was retroactively applied and was an ex post facto law and (2) the court erred because the tax assessed was retroactive, void, and in violation of the Texas Constitution, Art. 1, Sec. 16.

We overrule both of those points of error and affirm the trial court's decree.

The question to be determined by us on this appeal is: Can the Town of Flower Mound levy a valid tax for the year 1974 by ordinance enacted and effective as of November 23, 1974, on property located within the City as of January 1, 1974, while operating on a fiscal year of October 1, 1974, to September 30, 1975?

We answer the question: Yes.

The law that controls the disposition of this case is set out in *Cadena v. State,* 185 S.W. 367 (Tex.Civ.App., San Antonio, 1916, writ ref.), as follows:

■ "All property owned on the 1st day of January is subject to any tax authorized by law, whether such taxes have been authorized theretofore or may be authorized during the year, and can be levied by the body given the power to levy at any time during the year. Laws naming the time for the levy of taxes are merely directory, and legal taxes can be levied whenever the necessity arises. Laws authorizing taxes are not retrospective so far as the year in which they are authorized is concerned."

■ The fact that the taxing body operates on a fiscal year that is different from the tax year involved does not change the rule. As long as the tax is levied on a date that is during the tax year for which the tax is levied it is not retrospective.

■ In support of his contention that Flower Mound's ordinance levying the tax is an ex post facto law and is in violation of Art. 1, Sec. 16 of the Constitution of Texas, Hanson relies on the case of *Coffee v. Castleberry,* 258 S.W. 889 (Tex.Civ.App., Amarillo, 1924, affirmed in Tex.Civ.App., 272 S.W. 767). We are convinced that that case is not in point. In the *Coffee* case the City had enacted an ordinance effective in March, 1922, by which it attempted to assess and levy taxes on property within its corporate limits for the year 1921. That court held that the 1922 ordinance that was enacted after the expiration of the year for which the taxes were assessed and levied, to wit: 1921, cannot be made to relate back and cover the year 1921. The 1922 ordinance by which the City attempted to levy and assess a tax for the already expired year of 1921 was decreed to be void as being an ex post facto law and violative of Art. 1, Sec. 16 of our Constitution.

In the case before us the 1974 ad valorem tax was levied by the city ordinance that

became effective on November 23, 1974. The ordinance levying the tax was thus enacted and became effective during the year (1974) for which the taxes were assessed.

In *Masterson v. Town of Hedley*, 265 S.W. 406 (Tex.Civ.App., Amarillo 1924, no writ hist.), the taxpayer's contention was that because the city's 1922 tax levy was not made until December 4, 1922, that it was a retroactive and invalid tax. That court said at page 407: "With reference to the contention that the levy was void because it was not made until December 4, 1922, suffice it to say, that the holding in *Cadena et al. v. State ex rel. Leslie* (Tex. Civ.App.) 185 S.W. 367, is to the contrary. It is there held that a levy may be made at any time during the year, and that laws naming the time for the levy of taxes are merely directory. (Citing authorities.)"

In that case the court at page 407 points out the distinction between the case before us and the *Coffee v. Castleberry* case, supra, that is relied on by Hanson by following the above quoted paragraph with the following: "If, however, an attempt was made to levy taxes for a previous year, such a levy would be void. *Coffee v. Castleberry* (Tex.Civ.App.) 258 S.W. 889."

Additional cases that support our holding that the assessment and tax levy that is involved in this case is not invalid are: *Blewitt v. Megargel County Line Independent S. Dist.*, 285 S.W. 271 (Tex.Com.App., 1926, opinion adopted); *Sawyer v. Bd. of Regents of Clarendon Junior College*, 393 S.W.2d 391 (Tex.Civ.App., Amarillo, 1965, no writ hist.), and *Rachford v. City of Port Neches*, 46 S.W.2d 1057 (Tex.Civ.App., El Paso, 1932, no writ hist.).

The judgment is affirmed.