

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 12, 2005

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust Street
Angleton, Texas 77515

Opinion No. GA-0356

Re: Retroactive application of municipal term limit provisions (RQ-0327-GA)

Dear Ms. Yenne:

On behalf of the Alvin City Attorney, you ask whether the term limit provisions of the Alvin City Charter apply to combined service as city council member and mayor.[1] You have submitted the Alvin City Attorney's letter on this matter.[2]

You received a letter from a citizen of Alvin asking about the application of the term limit provisions to the current mayor and forwarded it to the City Attorney for Alvin. *See* Request Letter, *supra* note 1, at 1. The Alvin City Attorney subsequently reviewed records of past city charter revisions and interviewed members of the 2001 Charter Review Commission and other city officials who attended Commission meetings. *See id.* at 2. She concluded that the city council "intended that the term limit of an individual running for the elected office of Mayor was separate and exclusive of any time served on the Council." Kacz Letter, *supra* note 2, at 2.

The Alvin City Attorney has forwarded the following questions to you, asking that you request an attorney general opinion addressing them:

1. Do term limits apply to combined terms of councilmember and mayoral service?

2. Are council District and At-Large positions considered separate offices for term limit considerations?

---

[1]Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 15, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Bobbi J. Kacz, Alvin City Attorney, to Mr. Jim Wiginton, Chief-Civil Division, Brazoria County Attorney's Office (Feb. 21, 2005) (attachment to Request Letter, Exhibit A) [hereinafter Kacz Letter].

3.  What is the retroactive application of the term limit provision? Does the 8 year term limit that became effective May 2002 upon adoption of the charter revisions apply to future service only?

Request Letter, *supra* note 1, at 2 (emphasis omitted). *See also* Kacz Letter, *supra* note 2, at 1. Your letter provides your analysis of and conclusions to these questions. *See* Request Letter, *supra* note 1, at 3-6.

This office does not construe city charters unless the charter provision raises a question of federal or state law. *See* Tex. Att'y Gen. Op. Nos. GA-0226 (2004) at 3, GA-0130 (2003) at 3, GA-0068 (2003) at 2 n.2, JC-0143 (1999) at 3, JM-805 (1987) at 1 n.1 (this office does not ordinarily construe city charters, in deference to municipal officials), H-1014 (1977) (applicability of city charter provisions to contract with county is to be determined by contracting parties). *See also* Tex. Att'y Gen. Op. Nos. GA-0110 (2003) (considering whether home-rule ordinance is consistent with state statute); GA-0068 (2003) (considering whether ethics ordinance proposed for adoption by home-rule city is consistent with federal and state law). This office has issued opinion request procedures stating that "[q]uestions involving cities, independent school districts, or others not specified in Sections 402.041-402.045 of the Government Code should be submitted by a statutorily authorized requestor only if they concern subject matter covered by the jurisdiction and duties of the office submitting the request." ATTORNEY GENERAL OF TEXAS, OPINION REQUEST PROCEDURES: HOW TO REQUEST AN OPINION.[3]

Thus, we decline to answer the questions asking for an interpretation of city charter provisions. However, in connection with question three you raise a question of state law: whether term limits may be applied retroactively. Request Letter, *supra* note 1, at 4. We will address this question.

Article I, section 16 of the Texas Constitution provides that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." *See* TEX. CONST. art. I, § 16. This provision applies to charter provisions and ordinances adopted by cities. *See Coffee v. Castleberry*, 258 S.W. 889, 892 (Tex. Civ. App.–Amarillo 1924), *judgm't reformed on other grounds and aff'd*, 272 S.W. 767 (Tex. Comm. App. 1925). It prohibits retroactive laws only to the extent they "destroy or impair rights which had become vested." *See Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002); *Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.*, 904 S.W.2d 621, 626 (Tex. 1995); *Merchant's Fast Motor Lines, Inc. v. R.R. Comm'n*, 573 S.W.2d 502, 504 (Tex. 1978); *Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex. 1966); *McCain v. Yost*, 284 S.W.2d 898, 900 (Tex. 1955). Thus a law is not invalid even though retroactive in operation unless vested rights are destroyed or impaired. *Corpus Christi People's Baptist Church*, 904 S.W.2d at 626; Tex. Att'y Gen. Op. No. GA-0149 (2004) at 5-6.

---

[3]*Available at* http://www.oag.state.tx.us/opinopen/opin_request_proc.shtm.

The legislature may enact a statute shortening an incumbent officer's term and apply it to persons in office when the act becomes effective, as long as the Texas Constitution does not fix the term of office. *See Popham v. Patterson*, 51 S.W.2d 680, 683 (Tex. 1932). *See also* TEX. CONST. art. IV, § 4 (establishing four-year term of office for governor); *id.* art. V, § 18 (establishing four-year term for justices of the peace and constable; providing that each justice and constable in office when precinct boundaries are changed shall serve out term). The Alvin City Charter sets the terms of office for the mayor and city council members. *See* ALVIN, TEX., CITY CHARTER art. II, § 1 (2002) (attachment to Request Letter, Exhibit C).

A public officer has no vested right in the office he holds,[4] and the legislature may reduce his term of service or abolish the office entirely. *See Tarrant County v. Ashmore*, 635 S.W.2d 417, 422 (Tex. 1982) (public officer's qualified interest in office is neither property nor a vested right); Tex. Att'y Gen. Op. Nos. JM-1233 (1990) at 3 (member of State Board of Pharmacy has no vested right to his position); JM-235 (1984) at 3 (school board may establish single-member trustee districts pursuant to statute, even though terms of some incumbent trustees will be shortened); H-955 (1977) at 4 (absent legislative direction, state agency board that established chair's term of office by resolution may reduce term and apply change to present chair).

In Attorney General Opinion JM-1233, this office construed a term limit provision applicable to members of the Texas State Board of Pharmacy, determining that the term limit provision applied to service performed before the statute's effective date. *See* Tex. Att'y Gen. Op. No. JM-1233 (1990) at 2-3. It found that the statute was not retroactive, noting that "the legislature could have even reduced . . . [the board member's] present term of service or abolished the office entirely." *Id.* at 3 (citing Attorney General Opinions JM-235 (1984) and H-955 (1977)). *See also* Tex. Att'y Gen. Op. No. DM-493 (1998) at 3-4 (statute shortening term of incumbent does not violate constitutional provision against retroactive laws). If a city charter term limit provision applies to service as a city officer prior to its adoption, it does not impair a vested right and therefore is not a "retroactive law" prohibited by article I, section 16.

---

[4]A public officer may have a financial or property interest in his office that a court will protect against private interference, for example in an election contest. *See Tarrant County v. Ashmore*, 635 S.W.2d 417, 422 (Tex. 1982).

**S U M M A R Y**

An opinion of the Attorney General will not construe city charters unless the charter provision raises a question of state or federal law. If a city charter term limit provision applies to service as a city officer prior to its adoption, it does not impair a vested right and therefore is not a "retroactive law" prohibited by article I, section 16 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee