The facts in this case, which was argued by W. Porter, for the plaintiff, and I Sumner, for the defendants, are stated in the opinion of the court, delivered by
Cushing, J.
The present case is an action of assumpsit, brought by the plaintiff to recover back from the defendants a tax which he alleges was levied unlawfully on his poll and estate.
The material facts are these : —
By an act of the legislature, passed on the 24th of May,' 1851, it was provided, among other things, that a part of the town of New Marlborough, with the inhabitants thereon, should be set off from New Marlborough, and annexed to the town of Monterey; the act taking effect on its passage.
The assessors of the town of New Marlborough, acting in the ordinary course of town assessments, assessed the plaintiff for his poll and estate, for money legally voted, on the 21st of April, 1851, at a town meeting of the inhabitants of New Marlborough, which was attended- by inhabitants of the territory afterwards set off to Monterey. The process of assessment was completed, and the tax-bill dated the 27th of June, 1851, and the bill delivered to the tax-collector on that or a subsequent day, and the tax was paid by the plaintiff under protest.
The plaintiff was also called upon to pay, and did pay, a «ax assessed on him the same year, as an inhabitant of Mon-terey.
We think it clear that the action cannot be maintained on such a state of facts.
The general provision of law is express, that poll taxes in towns shall be assessed upon each taxable person in the particular town where he shall be an inhabitant on the first day *526 of May in each year; that all taxes on real estate shall be assessed in the town where the estate lies, to the person who shall be the owner or in possession thereof on the first day of May; and that all personal estate shall be assessed to the owner in the town where he shall be an inhabitant on the first day of May. Rev. Sts. c. 7, §§ '6, 7, 9. Such has been the general law of this common wealth,,from the time of the colony to the present day. ' A recent experimental enactment for change of the day of assessment in the city of Boston serves only to confirm the general fact.
The plaintiff was, beyond all doubt, an inhabitant of the town of New Marlborough on the first day of May, 1851, and, as such, lawfully assessed there. His legal obligation was fixed on that day. The transfer of part of New Marlborough to Monterey, by statute, afterwards, on the 24th of that month, no more affected his existing legal liability to New Marlborough, than his voluntary removal individually from the town of New Marlborough would have done. On the first day of May his person and property were taxable in New Marlborough, and there alone. The tax which he paid to the town of Monterey for the same year was levied unlawfully, and paid by him in his own wrong, and cannot operate to devest the rights of the town of New Marlborough. Nor can the fact that the assessment in New Marlborough was not in form completed, nor the tax-bill signed, until June, affect the question. Whensoever the books of the assessors were completed, or the tax-bill signed and delivered, it was, in law, a tax assessed on the first day of May.

Judgment for defendants.