MAYOR AND ALDERMEN OF CHATTANOOGA *v.* SCOTT
RAULSTON.

*(Knoxville.* September Term, 1906.)

1. **TAXATION.** Status of property for, fixed as of January tenth
   of each year, when.

   Under a general assessment act providing for the assessment of
   all property for State, county and municipal purposes against
   the person owning the property on a designated date (January
   tenth), and declaring that a lien exists from such date in each
   year for the taxes of that year, the *status* of all real estate, for
   purposes of taxation, whether State, county or municipal, is
   fixed as of the date designated in the statute, and whatever is
   taxable on that date has its *status* fixed for the ensuing year.

   Acts cited and construed: 1903, ch. 258.

2. **MUNICIPAL CORPORATIONS.** Must have legislative au-
   thority to levy taxes, and can only tax accordingly.

   When a municipal corporation assumes to tax property, it must
   have legislative authority to justify its action; and it can only
   tax at the time and in the manner that the State in its wisdom
   has seen proper to permit.

   Case cited and approved:   Memphis v. Bing, 94 Tenn., 644.

3. **TAXATION BY MUNICIPAL CORPORATIONS.** Real es-
   tate, to be taxable for municipal purposes, must be within the
   corporate limits on the date fixing the status of property for
   taxation. Case in judgment.

   After the date fixing the *status* of property for the year 1905, that
   is, in May, 1905, certain territory was annexed to the city of
   Chattanooga as the ninth ward of said city, after which the
   municipal council passed an ordinance providing revenue for
   the ensuing fiscal year beginning October 1, 1905, and ending
   September 20, 1906, by applying a given tax rate to the assess-

Chattanooga v. Raulston.

ment made by the county assessor for 1905.  Held: Real estate
within said territory so annexed was not, in the absence of
special statutory authority, subject to taxation for municipal
purposes for the year 1905.

Acts cited and construed: 1903, ch. 258.

Cases cited and approved: Lexington v. Wilkerson, Jackson, MS.,
1893; Austin v. Butler (Tex. Civ. App.), 40 S. W., 340; Harman
v. New Marlborough, 63 Mass., 525.

4. **SAME.** Same. Question reserved and not decided.
Whether the legislature may confer power upon a municipality to
fix the tax year at a date different from that fixed by the gen-
eral law.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.—
M. M. ALLISON, Judge.

WILLIAM L. FRIERSON and GEORGE W. CHAMLEE, for
Chattanooga.

BROWN & SPURLOCK, PRITCHARD & SIZER, S. L. BODDY
and JOHN C. BENSON, for Raulston.

MR. JUSTICE WILKES delivered the opinion of the
Court.

This is an action by the city of Chattanooga to recover
taxes on property in the ninth ward of that city, under

a levy made by the mayor and aldermen for the year beginning October 1, 1905, and ending September 30, 1906. The trial judge was of opinion that the defendant's property was not liable, and the plaintiff has appealed.

The case was heard in the court below upon an agreed statement of facts, in substance, so far as necessary to be stated, as follows:

On the 16th of May, 1905, the ninth ward was annexed to the city of Chattanooga, in which was situated the property in controversy. This was done under a legislative enactment, and under an election held to determine the question of annexation; and in accordance with the act of the legislature, one alderman and two councilmen were elected and qualified to represent the new ward in the general council, the legislative body of the city. The general council passed an ordinance to provide revenue for the ensuing year; the alderman and councilmen from the ninth ward being present and participating.

The first section of the ordinance is in these words: "Be it ordained by the general council of the city of Chattanooga, Tennessee, that the tax levy on real and personal property in the city of Chattanooga, Tennessee, on the assessment made by the county assessor for the years 1904 and 1905 be and the same is hereby fixed for the fiscal year beginning October 1, 1905, and ending September 20, 1906, at $1.65 on the $100 of valuation.

The second section apportions the revenue to be derived from this and other sources among the various de-

partments of the city government to defray the expenses for the year beginning October 1, 1905.

It was intended by the general council to levy this tax upon property in the ninth ward, as well as upon that in the other eight wards.

The charter of the city confers the power to levy and collect taxes upon all property taxable for State purposes, and the annual levy is required to be based on estimates of the amount required for the various departments for the ensuing year. These taxes are imposed upon the value of the property as made by the assessment for State and county purposes by the county assessor of Hamilton county.

The question involved in the case may be stated to be whether property annexed to a municipal corporation after the 10th of January of a given year is subject to a tax levy made during the same year, but subsequent to the annexation, and to defray municipal expenses for the year beginning after the annexation.

It is said on behalf of the city that there is a distinction between a tax assessment and the tax levy, and that, while it does not claim the right to make an assessment as of any other date than the 10th of January, still it has the right to levy a tax at any time during the year upon the property then within the corporate limits, upon the assessment fixed for State purposes, on the 10th of January.

The State assessment act of 1903 (Acts 1903, p. 632, c. 258) provides for an assessment of all property for

Chattanooga v. Raulston.

State, county, and municipal purposes for the year 1904 and every second year thereafter, the assessment to be against the person owning the property on the 10th of January, and according to the value on that day; and this assessment remains the basis or all taxation to be made during the two years thereafter, except where improvements are made, and where there is a change in ownership—but in the latter case the valuation is to remain the same.

The act declares, also, that a lien exists from the 10th of January of each and every year for the taxes of that year. These taxes become due on the first Monday in October, in each year, and delinquent upon the 1st of March of the following year.

There is no express requirement when taxes for a municipal corporation shall be levied.

It is conceded that property not in existence on the 10th of January of any given year is not subject to taxation during that year; but it is denied that a levy may not be made upon property in existence on the 10th of January at a subsequent date, and that the true limitation is that all property may be taxed for municipal purposes which are within the corporate limits when the levy is made. And it is said that if no tax can be levied, except upon property within the corporate limits on the 10th of January, then that it must follow that no taxes can be levied by any new municipal corporation created after the 10th of January, nor upon any territory annexed to an old corporation after that date until the 10th

of the succeeding January, and that the consequence would be that the new corporation or annexed territory, if called into existence after that date, would be powerless to raise any revenue until after the succeeding 10th of January.

It is insisted on behalf of the taxpayer that the property could not be taxed, unless it was within the corporate limits on the 10th of January, and, in addition, that the levy made by the city, if made at a time different from the 10th of January, would not run in accordance with the assessment upon which it is based—for instance, it would not run from the 10th of January, 1905, as required by law, to the 10th of January, 1906, but from October 1, 1905, to September 30, 1906, a period of time for which there was no corresponding assessment of any character.

We are of opinion that the *status* of all real estate, for purposes of taxation, whether State, county, or municipal, is, under our general law, fixed as of the date of the 10th of January of each year, and whatever is taxable of that date has its *status* fixed for the ensuing year.

If the property is subject to municipal taxation at that date, it will remain subject to such taxation until the succeeding date for assessment, no matter though it may be detached from the municipality between those dates; in other words, real estate, to be taxable for municipal purposes, must be within the corporate limits upon the 10th of January, and, if within the corporate

Chattanooga v. Raulston.

limits, it is subject to such taxation, and will remain subject to taxation, and the municipal taxes will be a lien upon it, even though subsequent to that date, and before the next period of assessment, it may be detached from or put outside of such corporation.

In the case of *City of Austin* v. *Butler* (Tex. Civ. App.) reported in 40 S. W., 340, the facts of the case were that the defendant's property was outside the city limits, but about the 1st of May the limits of the city of Austin were extended so as to take in said property. It was thereupon assessed for taxes in October of that year, and the supreme court of Texas said: "Upon these facts, the court concludes that, as said property was not situated in the city of Austin on January 1, 1891, it was not subject to taxation for that year."

In the case of *Harman* v. *Inhabitants of New Marlborough*, 63 Mass., 525, it appeared that under the laws of Massachusetts all real estate was to be assessed to the person who was the owner, or in possession, on the 1st of May in any given year. The plaintiff was an inhabitant of the town on the 1st day of May, 1851, and as such the court held that he was lawfully assessed there, and that his legal obligation was fixed on that day, and that the transfer of a part of New Marlborough to Monterey on the 24th of that month did not affect his existing legal liability; that his person and property, on the 1st day of May, were property taxable in New Marlborough, and there alone; and that the tax which he paid to the town of Monterey for the same year was

levied unlawfully, paid by him in his own wrong, and did not operate to divest the right of the town of New Marlborough.

A similar doctrine has been laid down in this State in the unreported case of *Mayor & Aldermen of Lexington* v. *Wilkerson,* in which it was said: "We think it evident that a tax cannot be assessed for corporation purposes upon real estate, not included in the corporate limits on the 10th of January, of the year in which the assessment was made; and a municipal corporation cannot fix a date different from that prescribed by the State for State and county taxes for the assessment of municipal taxes, but property for purposes of municipal taxation must be assessed as it is owned on the 10th of January in each year."

To hold differently will be to allow each municipal corporation to fix its own tax year, and will lead to endless confusion.

It is true that the rule which we have laid down may result in inconvenience in some cases; but this can be obviated by fixing the date of incorporation, or annexation, at such time as will bring the territory subject to taxation at the time prescribed for State and county purposes.

We do not mean to hold that the legislature may not confer power upon a municipality to fix the tax year at dates different from those fixed by the general law. That question is not involved in this case, as the ordinance of the city in this case was not authorized by any direct legislative authority.

Taxes are a debt and a lien from the date of their assessment under the general law; and it is necessary for the creation or existence of a debt or lien that there should be in existence, not only a debtor and property upon which the charge or lien should rest, but also some person, viz., a corporate entity, entitled at that particular time to claim the debt and to enforce the lien. In other words, there must not only be a debtor and owner of the property on the 10th of January, but a person in existence at that time lawfully entitled to such debt or lien.

We are of opinion, therefore, that the ordinance in this case was not authorized by the general law, nor by any special legislative enactment, and not in accordance with any authority conferred by the legislature; and no intendment or extension of power beyond what clearly appears from the grant of authority, or neccessarily arises by implication from the language used in the grant, can be indulged.

The city, therefore, when it assumes to tax, must be able to show a legislative warrant to justify its action; and it can only tax at the time and in the manner that the State in its wisdom has seen proper to permit. Cooley on Taxation (2d Ed.), pp. 266-268, 276-277; 2. Dillon on Municipal Corporations, secs. 763-769; *Memphis* v. *Bing,* 94 Tenn., 664, 30 S. W., 745.

The judgment of the court below is therefore affirmed, with costs.