CADENA et al. v. STATE ex rel. LESLIE, Dist. Atty., et al.  (No. 5698.)

(Court of Civil Appeals of Texas. San Antonio. March 22, 1916. Rehearing Denied April 19, 1916.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬅➡99 — POWERS—LEVY OF TAXES—STATUTE.
   Under the act creating the Benavides Independent School District, approved March 22, 1915, effective June 19, 1915 (Loc. & Spec. Acts 34th Leg. c. 54) authorizing the levy of maintenance taxes by the board of trustees who were given the same powers conferred by the general laws upon the trustees of such districts, the board was authorized to levy a tax in September, 1915, to supply a maintenance fund, as the act reciting the deplorable conditions of the public schools within such territory and creating an emergency contemplated that the people should obtain its benefits immediately, and as all property owned on the first of January is subject to any tax authorized by law, whether authorized theretofore or during the year, and which may be levied by the body given the power to levy at any time during the year.
   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 233, 234; Dec. Dig. ⬅➡99.]

2. TAXATION ⬅➡297 — TIME OF LEVY — STATUTE.
   Laws naming the time for the levy of taxes are merely directory, and legal taxes can be levied whenever the necessity arises.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 474–482; Dec. Dig. ⬅➡297.]

3. TAXATION ⬅➡58 — STATUTES — RETROSPECTIVE EFFECT.
   Laws authorizing taxes are not retrospective, so far as the year in which they are authorized is concerned.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 134, 135; Dec. Dig. ⬅➡58.]

Appeal from District Court, Duval County; C. W. Taylor, Judge.

Suit for injunction by the State of Texas, through J. E. Leslie, District Attorney, upon the relation of John Ball and others, against L. Cadena and others, the Board of Trustees of the Benavides Independent School District, and F. Caballero and another, Managers of Election. Injunction granted, and the Board appeals. Affirmed in part, and judgment granting the injunction reversed, and judgment rendered setting aside such injunction.

Hicks, Hicks, Teagarden & Dickson, of San Antonio, for appellant.

FLY, C. J. This is a suit instituted by the state of Texas, through J. E. Leslie, district attorney in and for the Seventy-Ninth judicial district, upon the relation of John Ball, Murray Dubose, R. Driscoll, A. E. Rouse, A. J. Ayers, E. J. Rogers, and John F. Dubose, against L. Cadena, F. B. Puig, Dario Serna, Jesus Salinas, Ruperto Cadena, and Juan Saenz, the board of trustees of the Benavides independent school district, and F. Caballero and H. D. Roach, managers of election, to oust the trustees and managers from their positions and to declare void the act of the Legislature creating the school district, that the order for an election be held invalid, and that the trustees and managers of election be restrained from taking any further action and that the tax collector be restrained from collecting the maintenance tax already voted. The court adjudged the school district to be a legal and valid one, but granted an injunction to restrain the collection of taxes for 1915, because the district was not in existence on January 1, 1915. This appeal was perfected by the board of trustees. Appellees have filed no cross-assignments, and therefore the only point at issue is the action of the court in restraining the collection of the taxes for 1915.

[1] The act creating the Benavides independent school district was approved by the Governor on March 22, 1915 (Loc. & Spec. Acts 34th Leg. c. 54), and went into effect on June 19, 1915. That act authorized the levy of taxes by the board of trustees for the issuance of bonds and a maintenance tax, and they were given the same "rights, powers, privileges and duties conferred and imposed by the general laws of this state upon the trustees of independent school districts created and organized for school purposes only under the general laws of the state." A board of trustees was elected, and

in September, 1915, levied a tax of 25 cents on the $100 to supply a maintenance fund. It is not contended that the authority to levy the maintenance tax was not vested in the board of trustees; the only contention being that, as the district was not in existence on January 1, 1915, no tax could be levied for that year.

It was evidently contemplated by the Legislature that the people of the district should obtain the benefits of its creation immediately; for it is recited in the law that the deplorable condition of the public free schools within the territory therein described, not having adequate school accommodations, and not having necessary funds to provide the same, created an emergency and an imperative public necessity for the act to take effect at once. It was clearly intended that the necessary funds for the building and maintenance of schoolhouses should be provided as soon as the law went into effect. It could not have been contemplated that, instead of the law becoming effective immediately or in 90 days after adjournment at the farthest, it should not go into effect until the following year, and yet that would be the logical result if the judgment of the lower court could be sustained. Under that ruling, if the law had gone into effect on January 2d, the tax could not have been levied and collected for that year, because the district was not in existence on January 1st, of the year.

Cooley on Taxation, pp. 494, 495, is cited as sustaining the position of appellees, and the judgment in this case, but the quotation made therefrom has no reference to a case of this kind. The text has reference to taxes levied for years back of the one in which the levy is made, but not to taxes levied for the current year. This is indicated by several of the cases cited in the footnotes as sustaining the text. For instance, in the case of McClellan v. Railroad Co., 11 Lea (Tenn.) 336, it was held that, where a 20-year exemption expired in March and an assessment was made in April for the current year, the party assessed was entitled to no abatement in respect of the time that had already run.

In the case of People v. Gold Company, 92 N. Y. 383, it was contended by a corporation, which came into existence in November, that it could not be compelled to pay taxes for that year, but the court held that it should be compelled to pay the taxes. The court stated that, if the contention of the corporation should be upheld, no taxes would be collected until January of the second year after it was organized. So in this case, if no tax could have been levied for 1915, appellees could not be forced to pay any maintenance tax until 1917, and in the meantime the schools of the district would be without a maintenance fund.

[2, 3] All property owned on the 1st day of January is subject to any tax authorized by law, whether such taxes have been authorized theretofore or may be authorized during the year, and can be levied by the body given the power to levy at any time during the year. Laws naming the time for the levy of taxes are merely directory, and legal taxes can be levied whenever the necessity arises. Laws authorizing taxes are not retrospective so far as the year in which they are authorized is concerned.

The power is given boards of trustees of independent school districts to levy a tax not exceeding 50 cents on the $100 valuation of taxable property to provide for bonds and a maintenance fund and the board of trustees in this case acted within the authority given them by law. This court has held in a recent decision that such boards can levy taxes for the whole year under a law creating the district during the year for which the tax is levied. David v. Timon, 183 S. W. 88.

The judgment is affirmed in so far as it held the school district legally created and organized and dissolving the injunction as to future taxes, but that portion of it which perpetuated the injunction as to taxes levied for 1915 is reversed, and judgment here rendered setting aside such injunction, and that appellees take nothing by their suit and pay all costs of this court, as well as those of the lower court.