### MEGARGEL COUNTY LINE INDEPENDENT SCHOOL DIST. et al. v. BLEWETT. (No. 11512.)*

(Court of Civil Appeals of Texas. Fort Worth. Oct. 31, 1925. · Rehearing Denied Dec. 12, 1925.)

I. Schools and school districts ☞102—Property taken into school district after January 1st subject to taxation for full year.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2865, property taken into independent school district after 1st of January is subject to taxation for school purposes for full year in which it is incorporated into district, when owner not required to pay taxes in former district.

2. Schools and school districts ☞45—Legislature may establish agencies, as board of trustees, to maintain public schools.

In performance of duty imposed on Legislature by Const. art. 7, § 1, to support and maintain an efficient system of public free schools, the Legislature may establish agencies, as board of trustees, with powers not prohibited by constitutional limitations.

Appeal from District Court, Archer County; Vincent Stine, Judge.

Suit by T. L. Blewett to enjoin the Megargel County Line Independent School District and others from levying an assessment and collecting a school tax. From an order granting a temporary injunction, defendants appeal. Reversed and remanded, with directions.

Fitzgerald & Hatchitt, of Wichita Falls, for appellants.

Lee J. Marks, of Olney, and Wm. R. Watkins, of Fort Worth, for appellee.

CONNER, C. J. The appellee instituted this suit in the district court of Archer county, Tex., for an injunction against the appellants, the Megargel County Line independent school district, its trustees, tax assessor, and tax collector, to enjoin the levy assessment and collection of a school tax for said district upon his property and the property of other taxpayers in the district similarly situated for the year 1924. The appellee's property was taken into the district on March 25, 1924, pursuant to a petition and resolution filed and acted upon in pursuance to article 2865 of the Revised Civil Statutes, 1911, and thereafter the trustees of the district ordered the levy, assessment, and collection of a tax upon appellee's property for the year 1924. On January 1, 1924, and until his land was incorporated in the Megargel County Line independent school district, appellee's land was situated in the Kikapoo common school district No. 34 in Archer county, Tex.

[1] A temporary injunction was prayed for, and, at a hearing at which all parties were present, the court entered a temporary injunction against the appellants, enjoining the collection of the taxes in question. It is to reverse this order that this appeal was prosecuted by appellants. All parties concede that the only question for determination upon this appeal is whether or not a tax may lawfully be levied for school purposes upon property incorporated into the district after the 1st of January for the year in which the same was taken into the district. It is thus admitted that appellant is a legally constituted independent school·district, and that all of the proceedings relating to the addition of appellee's land thereto and the assessment and levy of taxes thereon were regular and lawful except only, if at all, that appellee's land was not subject to taxation at the time the assessment and levy was made.

In 35 Cyc. p. 1034, under the title of "Schools and School Districts," and in discussing the effect of a change of boundaries, it is said:·

"The levy, assessment, collection and disposition of school taxes upon the change of the boundaries of a school district or the creation of new districts, or upon the transfer of a person for school purposes from the one district to another, are generally regulated by statutory or charter provisions, or by the agreement under which the change or division is made. As a general rule the power to levy and assess a tax upon all the property of a school district extends to the including property which is annexed to it from another district before the levy is made."

In support of the text, cases are cited from California, Illinois, Iowa, New Hampshire, Utah, Ohio, Vermont, and Washington. In an Ohio case cited in the note, State v. Holliday, 9 Ohio S. & C. P. Dec. 738, it was held that:

Where territory was "detached from a village or special school district and attached to a township subdistrict, such territory is taxable for school purposes after such change in the township subdistrict, and not in the village or special district."

[2] Our Constitution, art. 7, § 1, imposes the duty upon the Legislature to establish and make suitable provision for the support and maintenance of an efficient system of public free schools. In the performance of such duty it seems evident that the Legislature may es-

---

tablish agencies, as boards of trustees, with such powers as it may seem proper and not prohibited by constitutional limitations. See State of Texas v. Brownson, 94 Tex. 436, 61 S. W. 114; 24 R. C. L. p. 559, § 3.

Article 2865, V. S. Civ. Statutes, held to be valid (see District et al. v. Keeling, 113 Tex. 523, 261 S. W. 364), after prescribing regulations which govern the joining of additional territory to an independent school district, admittedly followed in the case before us, declares:

"After which the territory so received shall be a part of said incorporated town or village; and the inhabitants thereof shall thenceforth be entitled to all the rights and privileges, and subject to the same liabilities of taxation as other citizens, and all property within said limits shall thenceforth be subject to such taxation as may have been, or may hereafter be, provided by said incorporation for free school purposes only."

That the assessment and levy assailed was made in legal manner and at an authorized time after appellee's lands had been legally included in the appellant district is not questioned, and the language quoted contains no such limitation as appellee claims. On the contrary, his privileges and correlative liabilities of taxation are brought into existence by one and the same act, to wit, the incorporation of his lands into the independent district. It is not alleged that appellee has paid or will be required to pay school taxes for the year 1924, levied by the common school district in which his lands were formerly situated, and that he is thus burdened with double taxation, and if, after incorporation, he is to immediately thereafter, as the law declares, receive all the scholastic privileges and benefits of all other citizens of the enlarged district, it certainly seems equitable that he should be made to bear a ratable share of the cost of maintenance.

Appellee cites in support of his contention the cases of the City of Austin v. Butler, 40 S. W. 340, and Mayor et al. v. Raulston, 117 Tenn. 569, 97 S. W. 456. But these cases by no means sustain the contention. The decision in the case first noted is by the Austin Court of Appeals, and to the effect that land included within the city limits of Austin after the 1st day of January, 1891, was not subject to the city taxes for that year. The opinion, which was by Chief Justice Fisher, gives no reason for the holding, it being based entirely on the trial court's conclusion. It nowhere appears in the conclusions that there was a city ordinance or legislative or charter provision expressly authorizing the levy. Nor is the record in that case available so that we can learn upon what evidence the conclusions were based. But we note that it appears from the court's conclusions that the inclusion of property within the limits of the city of Austin was by virtue of the authority of a special act

of the Legislature, taking effect about May 1. 1891, and that the levy and assessment under consideration was made in October, 1891. The special act, which must have been referred to (see Gammel's General Laws of Texas, vol. 10, p. 329), provides, among other things, that:

"All persons owning property, real or personal, subject to taxation in said city on the first day of January next preceding any election that may be held to obtain such consent shall be deemed to be persons who pay taxes on property in said city." Section 35.

It further provides in section 40 of the act:

"That all taxes due by property owners as appears upon the rolls of said city and upon rolls prepared and completed up to the first day of July, 1891, and not barred by the statutes of limitations, may be collected by suit from delinquents and foreclosure of the lien securing the same, in any court having jurisdiction; but no suit shall be brought for taxes assessed after the first day of July, 1891, except after the time set for sales of taxes as hereinafter provided."

These provisions of the act were doubtless considered by the trial and appellate courts in determining the case, and probably, if not certainly, influenced the decision. They cannot therefore be considered, we think, as applicable to the case now before us. In the second case cited in behalf of appellee, it appears from the headnote (117 Tenn. 569, 97 S. W. 456), that the ward in which the property was situated was annexed to the city after January 10, 1905, and that the act authorizing assessment and levy upon property for municipal purposes did not authorize such assessment for that year after that date.

We find no provision thus limiting the powers of the board of trustees of the appellant district in making assessments and levies upon property situated within the district at the time the assessment and levy was made. On the contrary, as may be seen from the quotation we have made from article 2865, Revised Statutes, immediately upon the annexation of additional territory to the independent district, all persons and property situated within the annexed territory are made subject to the same liabilities of taxation as other citizens of the district. And the question involved seems, at least, to have been determined in the case of Cadena et al. v. Texas ex rel. (Tex. Civ. App.) 185 S. W. 367. The opinion is by Chief Justice Fly, of the San Antonio Court of Civil Appeals, with writ of error refused. In that case it appears that the act creating the new Benevides school district was approved by the Governor on March 22, 1915, and went into effect on June 19, 1915. The plaintiffs, owning land in the district, questioned the right of the district to collect taxes for the year 1915, because the district was not in existence on January 1, 1915. The court denied the relief sought by plaintiffs, and held that:

"All property owned on the 1st day of January is subject to any tax authorized by law, whether such taxes have been authorized theretofore or may be authorized during the year, and can be levied by the board given the power to levy at any time during the year. Laws naming the time for the levy of taxes are merely directory, and legal taxes can be levied whenever the necessity arises. Laws authorizing taxes are not retrospective so far as the year in which they are authorized is concerned."

The court further states in the opinion:

"The power is given boards of trustees of independent school districts to levy a tax not exceeding 50 cents on the $100 valuation of taxable property to provide for bonds and a maintenance fund and the board of trustees in this case acted within the authority given them by law. This court has held in a recent decision that such boards can levy taxes for the whole year under a law creating the district during the year for which the tax is levied. David v. Timon [Tex. Civ. App.] 183 S. W. 88."

An examination of the cases that we have been able to consider has convinced us that, in the absence of limiting provisions in the law, territory annexed to an independent school district at any time during the year, as provided by law, and thereafter an election is held for an entire district authorizing the tax for that year and all subsequent years, the school board or the municipal authorities may lawfully vote the tax, make the levy and assessments in accordance with the statute, and that a tax so assessed and levied can be collected for that year. See Gerhardt v. Yorktown Independent School District (Tex. Civ. App.) 252 S. W. 197; Kuhn v. City of Yoakum (Tex. Civ. App.) 257 S. W. 337; Turbeville v. Gowdy (Tex. Civ. App.) 272 S. W. 559.

We conclude that the temporary writ of injunction issued by the trial court should be vacated and set aside, and that the cause be reversed and remanded to the trial court for such further proceedings, if any, as may be authorized by law.