**BLEWITT v. MEGARGEL COUNTY LINE INDEPENDENT SCHOOL DIST. et al.**
**(No. 832–4534.)**

(Commission of Appeals of Texas, Section A.
June 16, 1926.)

Schools and school districts ⚖═102—Property, situated on first of year in territory annexed to independent school district during year, is chargeable with taxes for such year (Rev. St. 1911, arts. 2851, 2865 [Acts 29th Leg. (1905) c. 124, §§ 3, 153]).

Under Rev. St. 1911, arts. 2851, 2865 (Acts 29th Leg. c. 124, §§ 3, 153), all taxable property, situated on January 1st of any year in territory subsequently annexed during such year to independent school district, is chargeable with school taxes for such year.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by T. L. Blewitt against the Megargel County Line Independent School District and others. To review a judgment of the Court of Civil Appeals (278 S. W. 516), vacating a temporary injunction and reversing and remanding the cause to the district court, plaintiff brings error. Affirmed.

Lee J. Marks, of Olney, and Wm. R. Watkins, of Fort Worth, for plaintiff in error.

Fitzgerald & Hatchitt, of Wichita Falls, for defendants in error.

HARVEY, P. J. This case is before us on writ of error sued out from a judgment rendered by the Court of Civil Appeals for the Second District, vacating the temporary injunction herein and reversing and remanding the cause. The statement of the nature and result of the suit and of the question of law involved, as made by that court (278 S. W. 516), is here adopted. It is as follows:

"The appellee instituted this suit in the district court of Archer county, Tex., for an injunction against the appellants the Megargel county line independent school district, its trustees, tax assessor, and tax collector, to enjoin the levy assessment and collection of a school tax for said district upon his property and the property of other taxpayers in the district similarly situated for the year 1924. The appellee's property was taken into the district on March 25, 1924, pursuant to a petition and resolution filed and acted upon in pursuance to article 2865 of the Revised Civil Statutes 1911, and thereafter the trustees of the district ordered the levy, assessment, and collection of a tax upon appellee's property for the year 1924. On January 1, 1924, and until his land was incorporated in the Megargel county line independent school district, appellee's land was situated in the Kikapoo common school district No. 34 in Archer county, Tex.

"A temporary injunction was prayed for, and, at a hearing at which all parties were present, the court entered a temporary injunction against the appellants, enjoining the collection of the taxes in question. It is to reverse this order that this appeal was prosecuted by appellants. All parties concede that the only question for determination upon this appeal is whether or not a tax may lawfully be levied for school purposes upon property incorporated into the district after the 1st of January for the year in which the same was taken into the district. It is thus admitted that appellant is a legally constituted independent school district, and that all of the proceedings relating to the addition of appellee's land thereto and the assessment and levy of taxes thereon were regular and lawful, except only, if at all, that appellee's land was not subject to taxation at the time the assessment and levy was made."

Article 2851, which authorizes the incorporation of independent school districts, and article 2865, which authorizes the extension of the boundaries of such districts after their original creation, were originally enacted in the year A. D. 1905 as part of a comprehensive act providing for a more efficient system of public free schools. Acts 29th Leg. Reg. Sess. c. 124, §§ 3 and 153.

The decision in the case of Cadena v. State (Tex. Civ. App.) 185 S. W. 367, is authority for the proposition that, when an independent school district is created after the 1st of January of a given year, all property within such newly created district, which was owned by the taxpayer on January 1st of that year, "is subject to any tax authorized by law, whether such taxes have been authorized theretofore or may be authorized during the year, and can be levied by the body given the power to levy at any time during the year." The Supreme Court denied a writ of error.

We consider the proposition sound. A fair consideration of the statutes making provision for the creation of independent school districts leaves no reasonable ground to conclude that the Legislature intended that no liability for taxes for school purposes in a school district should arise until the year following the creation of the district; nor did the Legislature intend that the rules of law governing taxation for school purposes, of property in newly annexed territory, should be different from those which govern the taxation of property in a newly created district. The article of the statute, which makes provision for the annexation of new territory to a town or village composing an independent school district, provides in part, that—

"The said board of trustees, by resolution duly entered upon its minutes, may receive such proposed territory as an addition to, and become a part of, the corporate limits of such town or village; a copy of which resolution, containing a description of the added territory, shall be filed for record in the county clerk's office of the county in which said town or village is situated, after which the territory so received shall be a part of said incorporated town or village; and the inhabitants thereof shall thenceforth be entitled to all the rights and

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

privileges, and subject to the same liabilities of taxation as other citizens, and all property within said limits shall thenceforth be subject to such taxation as may have been, or may hereafter be, provided by said incorporation for free school purpose only." Article 2865, R. S. 1911.

A consideration of the above statutory provisions in connection with all others pertaining to the subject leads to the conclusion that all taxable property situated on January 1st, of any given year, in a territory which is subsequently, during such year, annexed to an independent school district under the provisions of article 2865 of the Statutes 1911, becomes, by such annexation, subject to the taxing power appertaining to such district, and chargeable with such taxes for that year as are levied under proper authority.

We approve the holding of the Court of Civil Appeals herein, and recommend that the judgment of that court dissolving the temporary writ of injunction and reversing and remanding the cause be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.