CITY OF BROWNSVILLE *v.* FRANK A. REID, TRUSTEE, *et al.*

*(Nashville.* December Term, 1928.)

Opinion filed April 15, 1929.

KINNEY & WILLS and A. M. CARLTON, for complainant, appellant.

J. T. GRAY, JR., BOND & BOND and W. G. TIMBERLAKE, for defendant, appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

### ON PETITION TO REHEAR.

It is urged through the petition to rehear that complainant had no corporate existence on January 10, and could not for that reason levy the taxes which it is seeking to collect.

In disposing of the questions presented on appeal, we omitted saying that the City of Brownsville is a continuity of the Town of Brownsville.

Power to lay and collect taxes was expressly conferred upon the Town of Brownsville by the Charter Act, sub-section 31, section 3, chapter 174, Acts of 1903, and upon its successor, the City of Brownsville, by sub-section 31, section 25, chapter 92, Acts of 1925.

Chapter 174, Acts of 1903, incorporating the Town of Brownsville in Haywood County was repealed by chapter 91, Acts of 1925, passed February 11, and the people of that community were re-incorporated as the City of Brownsville by chapter 92, Private Acts of 1925,

passed February 12. Section 19 of the latter Act provides:

. "That, the corporation herein created shall assume and be liable for all bonds, obligations and debts legally contracted and warrants issued by the Board of Mayor and Aldermen acting under the Charter of the former Town of Brownsville; and the Board of Commissioners herein provided for are hereby empowered and it shall be their duty to levy taxes for the payment of the same and the annual interest thereon, and all the rights and title, interest and claim in and to all the property, real and personal, debts and choses in action of every nature, character and description owned and claimed by the former Town of Brownsville is hereby divested out of same and vested in the corporation hereby created, to hold, collect and use in as full and ample manner as if they had been purchased and acquired under the powers and rights of this Charter . . ."

This express declaration by the Legislature is re-enforced by the presumption that the lawmakers intended that municipal liabilities, as well as municipal rights, of the corporation in the old form should accompany the corporation in its reorganization. 43 C. J., 165; 19 R. C. L., 705.

"Neither the repeal of the charter of a municipal corporation, nor a change of its name, nor an increase or diminution of its territory or population, nor a change in its mode of government, nor all these things combined, will destroy the identity, continuity or succession of the corporation, if the people and territory re-incorporated constituted an integral part of the corporation abolished. The reason is to be found in the peculiar nature of such corporations. . . . The persons and property . . .

the incorporators and the territory are the essential constituents of the corporation and rights and liabilities naturally adhere to them.'' *O'Connor* v. *City of Memphis,* 6 Lea, 735-6.

█ It appears from the record that defendant's property was subject to taxation on January 10, 1925, during the existence of the municipality under its title of the Town of Brownsville. Its right of taxation on property within the corporate limits passed to the municipality which succeeded under the name of the City of Brownsville. In *Chattanooga* v. *Raulston,* 117 Tenn., 569, property was not subject to municipal taxation on January 10 by either the City of Chattanooga or any antecedent municipal corporation and the court held in that case that the property could not be taxed by the city upon its inclusion of the corporate limits of Chattanooga after expiration of the date fixing its status for taxation. It was not subject to taxation for municipal purposes until the next assessment period.

The petition to rehear is denied.