## RACHFORD v. CITY OF PORT NECHES.

### No. 2158.

Court of Civil Appeals of Texas. Beaumont. Dec. 24, 1931.

Rehearing Denied March 9, 1932.

James H. Rachford, of Beaumont, for appellant.

Geo. D. Anderson and W. T. McNeill, both of Beaumont, for appellee.

**WALKER, J.**

On the trial of this case in the lower court. the city of Port Neches, a municipal corporation, recovered judgment against Judge James H. Rachford for certain delinquent taxes, with foreclosure of its tax lien, as to him and John W. Dearing, a lienholder against the property, subject to the taxes. The appeal is by Judge Rachford.

In its original petition appellee was designated as the "Town of Port Neches." By an amended petition the name was changed to "City of Port Neches." The point is that the allegation changing the name of appellee could not be made in an amended petition. This assignment is overruled. In Jones & Co. v. Darden (Tex. Civ. App.) 29 S.W.(2d) 479, the court said: "An amendment for the purpose of correcting a misnomer is always proper."

Appellant asserts that the city of Port Neches was incorporated under the provisions of articles 966 and 1133 of the Revised Statutes and that these articles are in conflict with sections 4 and 5 of article 11 of the state Constitution and are, therefore, void, making the incorporation of the city of Port Neches a void act. There is no merit in this assignment. While it is true, as appellant asserts, that article 966 provides for the incorporation of cities and towns with 600 inhabitants or over and article 1133 provides for the incorporation of towns and villages with more than 400 and less than 10,000 inhabitants, these articles do not conflict with sections 4 and 5 of article 11 of the Constitution, which provide that only cities and towns having 5,000 or less may be incorporated under the Revised Statutes, in so far as these articles authorize the incorporation of cities, towns, and villages with 5,000 inhabitants or less. The only effect of these constitutional provisions, in so far as they bear upon appellant's proposition, is to limit the provisions of the General Statutes to cities, towns, and villages with 5,000 inhabitants or less. Thus construed, these articles of the General Statutes do not conflict with the Constitution and are, therefore, valid. The principle announced in Allen v. Railway Co., 100 Tex. 525, 101 S. W. 792, sustains this conclusion.

On September 11, 1926, an election was held to incorporate the "City of Port Neches." The incorporation was defeated in this election. This proposed incorporation included the town of Port Neches and also the town of Nederland, two miles from Port Neches, with all the territory between these two towns. The "City of Port Neches," appellee herein, was incorporated as the result of an election held on July 26, 1927. It includes no part of the town of Nederland and only about one-half the territory included in the 1926 election. Appellant insists that the 1927 election was in violation of article 1134, R. S. 1925,

regulating the holding of elections for incorporation, which expressly provides that "a new election shall not be ordered in less than one year." The material change in the proposed boundaries of the city of Port Neches authorized the 1927 election, though it was in fact held in less than one year from the 1926 election. As the election was clearly valid, we do not discuss appellee's counter proposition that Judge Rachford, in his capacity as a taxpayer of the city of Port Neches, could not thus attack the incorporation in this collateral proceeding.

The assignment that the incorporation was invalid because of ambiguity in the field notes is overruled. This assignment could be considered only upon a review of the field notes as a whole. Appellant has brought forward in his statement only a few specific calls, and among other objections says that the beginning corner is indefinite, in that it does not designate the specific tract of land as the beginning corner and does not state in what town the "Builders Lumber Company's office" named in the field notes is located, and does not designate in what town certain streets called for in the field notes are situated, etc. There is nothing to show that the field notes as a whole would not remove all the alleged ambiguities. But apart from what has just been said, the specific calls brought forward by appellant in his statement are not patently ambiguous.

Appellant contends that his property was illegally included in the corporate limits of the city of Port Neches. His proposition is that his property was not intended to be used for strictly town purposes, and also that other property was included which was not intended to be used for strictly town purposes and that the inclusion of such property in the city limits was in violation of article 1134 and made void the act of incorporation. This point was vigorously urged by appellant in the trial court and much testimony was offered thereon by both parties. A review of this testimony sustains the trial court's finding against appellant on this issue. But appellant, merely as a taxpayer, in this collateral proceeding, could not raise this issue. No one except the state can attack the incorporation on this ground. Ex parte Koen, 58 Tex. Cr. R. 279, 125 S. W. 401; First National Bank v. North Pleasanton (Tex. Civ. App.) 257 S. W. 609; Trimmier v. Carlton (Tex. Civ. App.) 264 S. W. 253; State ex rel. Thornhill v. Hunstaker (Tex. Civ. App.) 17 S.W.(2d) 63.

At all times since its incorporation, E. M. Wilkerson has been appellee's tax assessor and collector. On the ground that under the undisputed facts Mr. Wilkerson did not live within the corporate limits of the city, and did not maintain his office within the corporate limits, appellant insists that the assessment of his property for taxes was a

void act. This proposition is overruled. The evidence abundantly sustains the trial court's conclusion that Mr. Wilkerson lived within the corporate limits of the city and maintained his office within the corporate limits. This conclusion makes it unnecessary to discuss appellee's counter proposition that Wilkerson was a de facto officer and, as held in Germany v. State, 109 Tex. Cr. R. 180, 3 S.W.(2d) 798, 799, and Shriber v. Culberson (Tex. Civ. App.) 31 S.W.(2d) 659, his acts were valid.

■ If we correctly understand the record, appellant erroneously construes the testimony where he says that "none of the tax rolls for said years were read or offered in evidence on the trial of this case." Mr. Wilkerson's testimony shows that he testified as to the contents of the rolls with the rolls in his possession while testifying. He was not testifying from memory, but actually read into the record the part of the rolls affecting appellant's property. In fact, appellant reserved no objection to the manner in which Wilkerson testified; that is, in the trial court he did not insist that the rolls themselves, in so far as they affected his property, should be admitted in evidence. His objections on this testimony were only that: "(1) It was not shown that the City of Port Neches has been incorporated, (2) because it has not been shown that the tax rolls and delinquent tax rolls were prepared by some one authorized under the laws to prepare the same. * * *" As these two objections were properly overruled, no error is shown under this assignment.

■ Objection was also made to the introduction of the ordinances levying the taxes in issue on the following grounds: (a) They were not adopted "with the formalities, solemnities and characteristics of ordinances, as distinguished from motions and simple resolutions." (b) They were adopted upon the first reading without cause to waive their further reading. (c) The record failed to show whether these ordinances were passed at a regular or called session of the city council. These objections are without merit. The record shows that each of the ordinances began as required by article 1012, R. S. 1925, Vance v. City of Pleasanton (Tex. Civ. App.) 261 S. W. 457, "Be it Ordained by the City Council of the City of Port Neches." They were adopted as instruments in writing and the language used was sufficient to direct the levy and assessment of the taxes. Each of the ordinances recited an emergency and showed by its recitations that it was passed in the year covering appellant's taxes. The record shows that two-thirds of the members of the city council were present and voted for each of these ordinances at the time they were passed. Cadena v. State (Tex. Civ. App.) 185 S. W. 367, and Masterson v. Town of Hedley (Tex. Civ. App.) 265 S. W. 406, hold that cities of the class of appellee may levy taxes at any time during the year.

■ On the ground that appellee was incorporated in July, 1927, appellant insists that taxes could not be levied by it for that year. The decisions are against this proposition. School District v. Blewett (Tex. Civ. App.) 278 S. W. 516, affirmed (Tex. Com. App.) 285 S. W. 271, and Vance v. Pleasanton, supra.

■ Appellant's fifteenth proposition is as follows: "The attempts to levy Taxes by the City Council of plaintiff for the years 1927 and 1929 by the ordinances passed for that purpose for each of said years and over the objections of defendants, offered in evidence herein, levied no tax because each of said ordinances for said years were inoperative and void in that for the year 1927 by the ordinance as passed, 70 cents on each hundred dollars of the value of all Taxable property within the limits of plaintiff were attempted to be levied for the purpose of paying Current expenses of the City and for Construction and improvement of the roads, bridges and Streets within its limits, and for the year 1927 the sum of $1.20 was attempted to be levied on each one hundred dollars of said value of said taxable property within the limits of plaintiff for the purposes of paying current expenses and for Construction and improving roads, bridges and streets within its limits, and the amounts so attempted to be levied and assessed in each of the years 1927 and 1929, were in excess of the limit of twenty five cents upon the one hundred dollars of value for general purposes and fifteen cents upon the one hundred dollars of value for general purposes and fifteen cents upon said one hundred dollars of said valuation for road and bridges purposes as fixed and made by section 9 of article 8 of the Constitution of this State, and the ordinances as passed for each of the years 1927 and 1929 exceeding the Constitutional limit for the purposes named were void and their introduction in evidence having been objected to by defendants, were inadmissible in evidence and the courts finding in its 3rd paragraph of its Findings of Fact as filed herein to the effect that for each of said years the plaintiff levied and assessed Taxes against defendants' lands was arrived at by incompetent and inadmissible evidence and not warranted by other testimony offered herein."

Under Walker v. Meyers, 114 Tex. 225, 266 S. W. 499, 501; Bass v. City of Clifton (Tex. Civ. App.) 261 S. W. 795; Henderson v. Fields (Tex. Civ. App.) 258 S. W. 523, this proposition is overruled. In Walker v. Meyers, Judge Cureton, speaking for the Supreme Court directly on this proposition, said: "In view of the construction of section 5, and in view of the fact that the people, in adopting the amendment to section 4, in 1920, used precisely the same language, instead of the previous limitation, it is plain that by adopting the amendment to section 4, in 1920, the people

adopted the construction previously given the same language. That is to say, by stating that cities and towns having a population of 5,000 or less might levy, assess, and collect such taxes as may be authorized by law, not to exceed 1½ per cent., the people intended that section 4 as thus amended should be dominant and controlling, and that cities operating under that section should be free of the limitations theretofore existing in section 9 of article 8."

■ The following is the seventeenth paragraph of appellant's answer: "Defendants further show to the Court that if the City of Port Neches is duly and legally incorporated, which they deny, that for the year 1928 that they are not liable for 56¢ levied for waterworks bonds and 44¢ levied for sewerage bonds upon the $100.00 valuation of their property because the order levying said taxes made upon the 7th day of December, 1928 was made before the general order of the City Council, made at the time of the issuance of said bonds and levying a tax therefor. Said general order having been made upon the 24th day of May 1929 and said bonds bearing the date under said general order of 20th day of May A. D. 1929 and that therefore the assessment in 1928 for water and sewerage bonds attempted to be made and amounting in the aggregate to $1.00 on the $100.00 valuation of the defendants property was illegal and void and can not be collected and the plaintiff has no lien against the defendants property therefor."

In holding against appellant on this issue the trial court found: "That defendants offered no evidence in support of the allegations in paragraph 17 of their First Amended Original Answer." Appellant attacks this conclusion by saying that the facts alleged by him were expressly admitted by appellee in its pleadings. We do not so construe appellee's pleading. The burden rested on appellant to sustain by proof the allegations of this paragraph of his petition. He does not contend that he offered any proof on these issues. Since appellee did not expressly concede the facts so alleged to be true, this conclusion of the trial court has full support.

■ The court found that the values placed by the board of equalization upon appellant's property for the years 1927, 1928, and 1929, were reasonable and fair and that in thus fixing the values the board did not discriminate against appellant. The evidence fully sustains this conclusion. In Rowland v. City of Tyler, 5 S.W.(2d) 756, 760, by the Commission of Appeals, it was said: "As a general rule, the decision of a board of equalization upon a particular assessment, in the absence of fraud or illegality, is conclusive. Cooley on Taxation (2d Ed.) p. 218. Such valuation cannot be set aside merely upon a showing that the same is, in fact, excessive. If the board fairly and honestly endeavors to reach

a correct valuation, a mistake upon its part under such circumstances is not subject to review by the courts. Sunday Day Iron v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154; Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493." There was no evidence raising the necessary issues as thus stated by the Commission of Appeals, but on the contrary the evidence was to the effect that the board acted in the utmost good faith towards appellant in fixing the value of his property. See, also, Early v. City of Waco (Tex. Civ. App.) 3 S.W.(2d) 431; Sparks v. State (Tex. Civ. App.) 27 S.W.(2d) 918.

■ The nineteenth proposition is as follows: "The allegations contained in plaintiff's pleadings and the testimony thereunder are insufficient to authorize the judgment as is herein entered for taxes, penalties, interest, Tax Collector's Costs and Attorney fees, in that the date at which, it was claimed, plaintiff was incorporated was not given, nor the amount levied each year for various purposes was not set out, nor amount of tax on each tract of land assessed each year and the number of different tracts that were assessed each year against said defendant Rachford was not alleged, and no proof made concerning same, and the defendants excepted to said pleadings for the cause above named and objected to the testimony as offered thereon, the judgment as offered thereon, the judgment as obtained by plaintiff and entered herein, was a lump sum for all the taxes and obtained on insufficient pleadings to support the same and on inadmissible testimony and should be set aside and a judgment entered herein for defendants." This proposition is overruled. Appellee alleged that it "is and was at all times hereinafter stated a municipal corporation, duly incorporated by the State of Texas." It also alleged that on the 29th day of December, 1927, it duly passed tax ordinances, and the record showed that it was suing for taxes due for the years 1927, 1928, and 1929. This analysis of the petition overrules appellant's contention that appellee failed to allege the date of its incorporation. The petition set out in detail each tract of land owned by appellant with its value for each year for which taxes were sued. It also alleged the rate of taxation for each year. These allegations rendered the total amount of taxes due a mere matter of mathematical calculation, and made the petition good against appellant's exceptions. The personal judgment against appellant in a lump sum has support in Broocks v. State (Tex. Civ. App.) 15 S.W.(2d) 665, same case (Tex. Civ. App.) 41 S.W.(2d) 714. But the judgment also recited the amount of taxes against each separate tract of land for each year and foreclosed separate and distinct liens for each year upon each tract of land involved.

On the court's finding that it was impossible to tax the cost pro rata on each tract of land, it was proper to render judgment in bulk against all the property. Cave v. City of Houston, 65 Tex. 619. Since appellant's property was divided into blocks and lots, each block of land constituted a separate tract. State v. Slater (Tex. Sup.) 38 S.W.(2d) 1097. The judgment for attorney's fees taxed by the trial court as costs herein was under authority of article 7332 of the Revised Statutes.

The judgment of the lower court is in all things affirmed.