

# THE ATTORNEY GENERAL
## OF TEXAS

### GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Opinion No. O-806
Re: May land annexed to a common
    school district in 1931 but not
    entered on the records of the
    County Clerk until May 6, 1939,
    be entered upon the tax rolls of
    such common school district as
    of January 1, 1939?

Dear Sir:

    By your letter of May 9, 1939, you submit for the opinion of this department the following question, which we quote from your letter:

    "The Liberty School District No. 45, Wharton County, Texas, was enlarged in 1931 by action of the County Board upon a petition by four landowners of another district who asked to be annexed to District No. 45. This was not entered on the records of the County Clerk until May 6, 1939. Can this land be entered on the rolls of District No. 45 as of January 1, 1939, or must it wait until 1940? The tax collector does not know just how to enter it and we would like to have an opinion from you on this matter."

    Although January 1st of each year is the date fixed by statute as determinative of the ownership of property and consequent liability for taxes for the ensuing year, such statutory date does not control the subsequent levy, assessment, or collection of taxes. It has been held that property owned on January 1st of any given year, in territory which is included in an independent school district thereafter created, on which is thereafter affixed to an existing independent school district, is chargeable with taxes subsequently levied by the district for that year. Cadena v. State, 185 S. W. 367; Yorktown Ind. School Dist. v. Afferbach, 12 S. W. (2d) 130; Blewitt v. Megargel County Line Ind. School Dist., 285 S. W. 271.

    In Cadena vs. State, supra, it is said:

    "All property owned on the 1st day of January is subject to any tax authorized by law, whether such taxes have been authorized theretofore or may be authorized during the year, and can be levied by the body given the power to levy at any time during the year. Laws naming the time for the levy of taxes are

merely directory, and legal taxes can be levied whenever the necessity arises. Laws authorizing taxes are not retrospective so far as the year in which they are authorized is concerned."

The case of Blewitt v. Megargel County Line Ind. School District, et al, supra, like the instant case, involves the annexation of territory to an existing school district, rather than the creation of a new district, as the case discussed above, and is consequently considered more nearly in point. The Commission of Appeals in this case, after approving the holding in the case of Cadena v. State, supra, and extending it to the statute governing the annexation of territory to an existing school district, had this to say.

"A consideration of the above statutory provisions in connection with all others pertaining to the subject leads to the conclusion that all taxable property situated on January 1st, of any given year, in a territory which is subsequently, during such year, annexed to an independent school district under the provisions of article 2865 of the Statutes 1911, becomes, by such annexation subject to the taxing power appertaining to such district, and chargeable with such taxes for that year as are levied under proper authority."

Although each of the cited cases involved an independent school district instead of a common school district, as the instant question, we do not feel that this fact will serve to distinguish these cases, or prevent them from being controlling, in principle, upon your question. The time and manner of the levy, assessment and collection of taxes in the case of an independent school district is not so fundamentally dissimilar to the levy, assessment and collection of taxes for common school districts, as to remove the latter case from the rule of law announced in these decisions.

It is our conclusion that the land or territory annexed to Liberty School District No. 45, Wharton County, Texas, is subject to maintenance taxes of such school district for the year 1939, and consequently may be entered upon the rolls of such district as of January 1, 1939.

APPROVED JUN 26, 1939　　　　　　　　　　Yours very truly

/s/ Gerald C. Mann　　　　　　　ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL OF
　　　TEXAS　　　　　　　　By　　　　/s/ Pat M. Neff, Jr.
　　　　　　　　　　　　　　　　Pat M. Neff, Jr.
APPROVED OPINION COMMITTEE　　　　　　Assistant
By＿＿＿＿＿B. W., Chairman

PMN:N:da