

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 25, 1960

Honorable Franklin Smith
County Attorney
Nueces County
Corpus Christi, Texas

Dear Mr. Smith:

Opinion No. WW-894

Re: Levy of taxes by rural
fire prevention district for
year during which district
was created.

　　　　Your recent letter informs us that a rural fire
prevention district was established for Flour Bluff, a Nueces
County community, in March of 1960, under the provisions of
Article 2351a-6, R.C.S.  You then request the opinion of this
office as to whether or not taxes for support of the District
may be levied for 1960 since it was not in existence on
January 1, 1960, the date for fixing property valuation for
taxation purposes.  Childress County v. State, 127 Tex. 343,
92 S.W.2d 1011 (1936); Humble Oil & Refining Co. v. State,
3 S.W.2d 559 (Tex.Civ.App. 1927, err.ref.).

　　　　It is our opinion that the District may levy the tax
for the year during which it was created.

　　　　Section 8 of Article 2351a-6 provides that the
Commissioners Court may, upon the granting of a petition
(Section 2), call an election to confirm the organization of a
rural fire prevention district and to authorize the levy of a
tax, not to exceed three cents on the One Hundred Dollars
valuation.  Sections 10, 12 and 17 of the Article grant the
district authority to levy and enforce collection of such tax
against the lands and other property within its bounds.  Section
12 also provides that the County Tax Assessor-Collector shall,
upon certification of the levy, assess and collect the tax
based upon the values of property in the district as shown on
the county tax rolls.

　　　　A question similar to the one you ask was treated
in the Article "A Discussion of Tax Exempt Property in the State
of Texas", by W. V. Geppert, Baylor Law Review, Vol. XI, p. 134
(Spring 1959), at page 147, from which we quote:

### "Newly Created Water Districts

　　　　"In recent years the following problem
has frequently vexed the assessor-collector:

"A Water District is created after January 1st of a given year; does such district, although not in existence on January 1st, have the authority to levy a tax for that year and is the County Tax Collector required to collect same?

"It is the writer's opinion that such newly created water district has the authority to levy a tax for that year and that the County Tax Assessor-Collector should collect the tax as provided by the statute. This opinion is based on the case of Cadena v. State, /185 S.W. 367, (Tex.Civ.App. 1916, err.ref'd, N.R.E.)_/, which holds that where an independent school district was created after the 1st day of January of a given year, all property within such newly created district, which was owned by the taxpayer on January 1st of that year, was subject to taxation for that year. There is apparently no reason why the same rule of law should not be applicable to newly created Water Districts."

The opinion in the Cadena case states the following rule:

"All property owned on the 1st day of January is subject to any tax authorized by law, whether such taxes have been authorized theretofore or may be authorized during the year, and can be levied by the body given the power to levy at any time during the year. Laws naming the time for the levy of taxes are merely directory, and legal taxes can be levied whenever the necessity arises. Laws authorizing taxes are not retrospective so far as the year in which they are authorized is concerned."

This rule is also applicable to the situation presented here involving fire prevention districts. You are, therefore, advised that a tax may be levied and collected by the rural fire prevention district you describe, under the provisions of Article 2351a-6, for the year 1960. It is, of course, necessarily assumed for the purpose of this opinion that such district was duly organized under the procedure set out by Article 2351a-6 and that the requirements of that Article relative to imposition of a tax have been observed.

## SUMMARY

A rural fire prevention district may levy
and collect taxes, as authorized by the
provisions of Article 2351a-6, R.C.S., for
the year during which it is created.

                         Yours very truly,

                         WILL WILSON
                         Attorney General of Texas


                         By _____
                            James R. Irion
                            Assistant

JRI:jip

APPROVED:

OPINION COMMITTEE:
Gordon Cass, Chairman

Linward Shivers
W. O. Shultz
Tom McFarling
Glenn Brown

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore